THOMAS G. B. ABLARD v. THE FORT WAYNE & BELLE ISLE RAILWAY COMPANY.

*Vicious animals—Evidence—Admissions of employé—Res gestae.*

In a suit to recover for injuries received by being kicked by a bay mare belonging to the defendant, while plaintiff was inspecting her with a view to her purchase, evidence on the part of the plaintiff that an employé of the defendant, who had charge of the barn in which the injury was received, testified on the trial of the case in justice's court that there was a bay mare in the barn at the time that was a kicker, is inadmissible.

Error to Wayne. (Hosmer, J.) Argued January 31, 1895. Decided February 12, 1895.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Edwin F. Conely* and *Orla B. Taylor,* for appellant.

*Charles Flowers,* for plaintiff.

McGRATH, C. J. The defendant company was exhibiting for sale at its stables a lot of horses. Plaintiff, while at the stables with a friend, who desired to buy a horse, was kicked by one of the horses, and seeks to recover for the injury.

He testified that the bay mare that kicked him was tied

to the south side of the barn; that he walked over to where she was tied, laid his hand on her rump, whereupon she kicked him; that there were a lot of men standing around there, and a larged-sized, well-dressed man caught him as he went down, and said, "I was just going to tell you that that was a kicking mare." No effort was made to identify the person who is alleged to have made this statement, or to connect him with the company or its service.

Plaintiff testified further, under objection, as follows:

"In justice's court I heard the man that had charge of the barn testify about a horse being there, a kicker. He described that they had a bay mare there that was a kicker, and that she was placed in this place with the rest of the horses. Mr. Walters is the man that testified as I claim; the man with the heavy mustache, sitting there."

This testimony was clearly inadmissible. It was not an attempt to show by the employé his knowledge of the vicious character of the horse, but his admission, not a part of the *res gestae*. *Horner v. Fellows*, 1 Doug. 51; *Converse v. Blumrich*, 14 Mich. 122; *Patterson v. Railway Co.*, 54 Id. 92; *O'Neil v. Township of Deerfield*, 86 Id. 610.

The judgment is reversed, and a new trial ordered.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, J., did not sit.