BUTTERS SALT & LUMBER CO. v. VOGEL.

DECLARATIONS OF AGENTS—ADMISSIBILITY.

Declarations of general agents, as well as of special agents, which are not part of the *res gestæ* of a transaction for the principal, are inadmissible against the principal.

Error to Mason; McAlvay, J. Submitted November 20, 1903. (Docket No. 151.) Decided January 5, 1904.

*Assumpsit* by the Butters Salt & Lumber Company against Albert Vogel for goods sold and delivered. From a judgment for plaintiff, defendant brings error. Reversed.

*Fitch & Reek*, for appellant.

*A. A. Keiser* and *H. C. Hutton*, for appellee.

CARPENTER, J. Plaintiff sued to recover pay for goods delivered to one Wicksall. A former judgment for the plaintiff was reversed in this court (see 130 Mich. 33 [89 N. W. 560]) on the ground that, according to the testimony of the plaintiff, the agreement of defendant was void, as it was simply a verbal undertaking to answer for the debt of Wicksall. The second trial, like the first, resulted in a verdict and judgment for plaintiff. The testimony taken on this trial was that of the same witnesses

who testified on the former trial, but we are of the opinion that a case was made from which the jury could have inferred that defendant's obligation was that of an original purchaser. There was therefore no error in refusing to direct a verdict for defendant.

One of plaintiff's witnesses was permitted, against defendant's objection, to relate the following conversation between himself and one Gibson, defendant's general agent and manager:

"We talked about logging in general, and I made the remark that he got some cheap logging over on that section 1,—Wicksall's logging; and Mr. Gibson made the remark that it might not be so cheap by the time they got everything settled up; there were several accounts yet to pay,—'a large one over at the company's store, which we will have to pay.' That was the principal part of the conversation."

In referring to this testimony in his charge, the trial judge said: "That statement made by him would be binding upon the defendant, if he made the statement."

We think the learned judge erred in admitting this testimony and in making this statement. Gibson, though defendant's agent, had no original knowledge whatever of defendant's liability for the claim in suit. There is no evidence that he ever acquired any such knowledge. The statement in question was no part of the *res gestæ* of any transaction. The law excluding such evidence is settled by numerous decisions of this court.

"The statements and declarations made by an agent while he is contracting for his principal, within the scope of his authority, and having reference to the subject-matter of such contract, constitute a part of the *res gestæ*, and may be given in evidence to affect his principal; but not what he says at another and subsequent period. His declarations are received, not as *admissions* of his principal, but as part of the *res gestæ*." *Horner* v. *Fellows*, 1 Doug. 53, 54.

"The declarations of an agent, made at the time of doing an act within the scope of his authority, and relating to the subject-matter of the act, are evidence as a part of

the *res gestæ;* but statements subsequently made by him are not, because the latter are made without authority, and for that reason stand on the same footing with the declarations of any other person." *Benedict* v. *Denton,* Walk. Ch. 337.

"But the admissions of an agent are only evidence against the principal when they constitute a part of the *res gestæ.* They must accompany the transaction in which the agent acted. What he states at a subsequent time is inadmissible. * * * The rule that would allow an agent, after a transaction is closed, to admit away the rights of his principal, would be too dangerous to be tolerated for a moment." *Converse* v. *Blumrich,* 14 Mich. 122 (90 Am. Dec. 230).

See, also, *Ablard* v. *Railway Co.,* 104 Mich. 148 (62 N. W. 172).

There is no force in the suggestion of plaintiff that this rule is limited in its application to special agents. There is precisely the same reason for applying it to general agents, and that it does apply to them was expressly held in *Benedict* v. *Denton, supra.* While we must regard these authorities as controlling, it is not improper to state that they are not at variance with the cases cited from other courts by plaintiff's counsel. See *Kirkstall Brewery Co.* v. *Furness Railway Co.,* L. R. 9 Q. B. 468; *Dowdall* v. *Railroad Co.,* 13 Blatchf. 403 (Fed. Cas. No. 4,038); *Morse* v. *Railroad Co.,* 6 Gray, 450; *McGenness* v. *Adriatic Mills,* 116 Mass. 177; *Northrup* v. *Insurance Co.,* 47 Mo. 435 (4 Am. Rep. 337). In each of these cases the admission received in evidence was an answer of an agent to an inquiry relating to a matter of business within the scope of his authority. It was therefore a part of the *res gestæ,* and admissible under the rule recognized in this State.

We have examined the other errors complained of in defendant's brief. We do not think them well grounded, nor that they raise any question which demands discussion.

The judgment is reversed, with costs, and a new trial granted.

The other Justices concurred.