CANTON *v.* GRINNELL.

1. Appeal and Error—Theory Below.
   A cause will not be considered in this court on a theory not advanced below.

2. Master and Servant—Assault by Servant—Liability of Master—Instructions.
   In an action for an assault committed by defendants' servants while removing a piano from plaintiff's residence at her husband's request, an instruction that defendants would only be liable for those acts which were committed by the servants in doing those things necessary in getting the piano sufficiently guarded defendants' rights.

3. Conditional Sales—Husband and Wife—Title.
   Defendants sold a piano to plaintiff's husband under a conditional sale, reserving the title, but plaintiff testified that she owned the piano and made the payments thereon to defendants. At the husband's request defendants sent truckmen to

the residence to get the piano. There was no default in payments. *Held*, that the fact that the husband made the purchase, and that the agreement was signed by him, did not fix the title to the piano in him as against his wife.

Error to Wayne; Rohnert, J. Submitted November 17, 1904. (Docket No. 107.) Decided December 22, 1904.

Trespass vi et armis by Mary A. Canton against Ira L. Grinnell and Clayton A. Grinnell, copartners as Grinnell Bros. There was judgment for plaintiff, and defendants bring error. Affirmed.

*William L. January* (*T. E. Tarsney*, of counsel), for appellants.

*Charles Kudner* and *M. J. Lehmann* (*George Gartner*, of counsel), for appellee.

MONTGOMERY, J. The plaintiff brought an action to recover damages for an assault committed upon her by the defendants' servants while removing from the home occupied by herself and husband a piano which had been sold to plaintiff's husband on a contract retaining title in Grinnell Bros., and authorizing them to retake the piano whenever there was default in payment. The declaration averred that the piano was plaintiff's property, but no recovery for the value of the piano was sought. The court charged the jury that the piano must by them be considered as belonging to plaintiff's husband, unless they had reason to believe that it belonged to plaintiff, and this though it may in fact have been plaintiff's property as between herself and her husband. There was no claim that payments were in arrear. The defendants were taking the piano to their storeroom for storage at the request of W. L. Canton, plaintiff's husband. The plaintiff recovered a verdict and judgment of $300, and the defendants bring error.

The defendants' counsel in their brief state, "An important, and perhaps the most important, question to be considered is whether or not the relation of master and servant existed between the defendants, Grinnell Bros., and the truckmen at the time of the alleged assault;" and it is argued that the men in question were, under the proofs, temporarily in the employ of W. L. Canton and under his control, and that Grinnell Bros. were in no way responsible for their acts.

We have searched the record in vain to find where and in what manner this question was presented to the trial court. On the contrary, the defendants' requests throughout assumed that the truckmen were in defendants' employ. Under these circumstances we cannot be asked to consider the case on a theory not advanced below. It is, however, clear that the testimony was open to the inference that the truckmen were in the employ of and acting under directions of defendants. There was also testimony tending to show that the servants of defendants committed the assault while acting within the general lines of their employment. The jury were instructed that the defendants would be only liable for those acts which were committed by the two truckmen in doing those things necessary in getting the piano. This instruction sufficiently guarded defendants' rights. *Smith* v. *Webster*, 23 Mich. 298; *Fitzsimmons* v. *Railway Co.*, 98 Mich. 257, and cases cited; 20 Am. & Eng. Enc. Law (2d Ed.), p. 169.

Error is assigned upon the ruling submitting the question of the ownership of the piano to the jury. It appeared that the contract for purchase was made by W. L. Canton, and consists of an agreement, signed by him, to buy the piano on certain terms, the title still remaining in Grinnell Bros. It is clear that this did not irrevocably fix the title in Canton as between himself and wife. Her testimony is to the effect that she owned the piano, and that she made the payments to Grinnell Bros. If defendants had been proceeding under their contract on a default in payment, the question of ownership as between the plain-

tiff and her husband would have been immaterial; but this was disclaimed by defendants, who assert that they were acting for Mr. Canton. The circuit judge guarded this question when he said that defendants had the right to proceed upon the supposition that the piano belonged to Mr. Canton unless they had reason to believe that it belonged to the plaintiff. The ownership of the piano was only considered for its bearing upon the assault. No recovery was had or claimed for the value of the piano.

The other questions presented do not call for extended discussion. The case seems to have been carefully submitted to the jury, and a verdict reached which the circuit judge, on a motion for a new trial, refused to disturb. There was sufficient basis for this holding.

The judgment is affirmed.

The other Justices concurred.