### ABBOTT v. CITY OF DETROIT.[1]

1. MUNICIPAL CORPORATIONS — PERSONAL INJURIES — DEFECTIVE STREET—NOTICE OF CLAIM—EVIDENCE.

On the issue whether a notice of claim for injury on a defective street was delivered to the head of the law department of the city of Detroit or his chief assistant, as the charter provides, evidence examined, and *held*, sufficient to support a finding of delivery notwithstanding the testimony of a clerk in the corporation counsel's office that the notice was handed to him and that he kept it in his desk until after three months had expired without showing it to the corporation counsel or his assistant.

2. HIGHWAYS AND STREETS — PERSONAL INJURIES — DEFECTIVE SIDEWALK—NOTICE OF DEFECT—CONSTRUCTIVE NOTICE.

In an action against a city for a personal injury caused by a defective street crossing, an instruction that in order for the plaintiff to recover the defect must have been a patent defect

---

[1] Rehearing pending.

of such a character as to put the walk in a condition not reasonably safe for travel, and must have existed so long that want of knowledge of its condition by the proper city officials was improbable, is sufficiently favorable to the defendant on the question of constructive notice of the defect.

3. SAME—DAMAGES—LOSS OF EARNINGS—INSTRUCTIONS.

Undisputed evidence that plaint.ff suffered loss in earnings while kept from work by reason of the injury; that the injury was serious and permanent and that plaintiff's earning capacity was permanently impaired, authorizes an instruction that plaintiff's damages "includes not only loss of time occasioned by the injury past and present and prospective, but it also includes moneys which she has disbursed," etc.

4. SAME—SPECULATIVE DAMAGES—INSTRUCTIONS.

Instructions on the subject of damages for a personal injury examined, and *held*, not subject to the criticism that they allowed the jury to speculate.

5. SAME—EVIDENCE—ACCIDENTS TO OTHERS.

In an action against a city for a personal injury caused by a defective street crossing, it is not error to allow others who were walking abreast with plaintiff at the time of her fall to testify that they also fell at the same time and from the same cause.

Error to Wayne; Rohnert, J. Submitted June 14, 1907. (Docket No. 96.) Decided December 10, 1907.

Case by May Ellen Abbott against the city of Detroit for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*J. Walter Dohany* (*Timothy E. Tarsney*, of counsel), for appellant.

*Miller, Smith, Alexander & Paddock*, for appellee.

MCALVAY, C. J. In this case plaintiff recovered a judgment of $900 against defendant for personal injuries claimed to have been received by reason of a fall caused by a defective cross-walk in said city. The injury occurred June 9, 1904. Plaintiff, about 6 o'clock p. m., in company with three others who were going home from

their work walking four abreast, was crossing a gutter plank at a street corner. One of the others stepped upon one end of the plank which caused it to rise up, and all were thrown down. It caught plaintiff's foot and she was thrown forward upon her hands and knees. One of her knees was severely injured. This gutter plank was six or seven feet long, covering the gutter at the crossing, and was supported by iron lugs at each end resting upon the curbs between which the water in the gutter passed under the plank. It was the ordinary device used in Detroit to cover the gutter at street crossings. The unsafe condition relied upon was that the curb at one end where the lug rested upon it had become worn and broken out so that when this plank was stepped upon at that place it went down an inch or two, rising up at the other end, and this condition had continued for a long time.

Defendant asks this court to set aside this judgment for several reasons. The principal error assigned and relied upon is that the court should have directed a verdict for defendant because the notice of plaintiff's claim required by the city charter had not been given. This provision is as follows:

"No action shall be brought against said city, nor any of its boards, commissions or officers for any negligent injury unless it be commenced within one year from the time when the injury was received nor unless notice shall be given in writing within three months from the time of such injury to the head of the law department or to his chief assistant of the time, place and cause of such injury, and of the nature thereof." Detroit City Charter (1904), § 279.

It is not claimed by plaintiff that personal service was made upon the corporation counsel or his chief assistant, but that this case is ruled by the case of *Beattie* v. *City of Detroit*, 137 Mich. 319, and that from the facts the inference may fairly and reasonably be drawn that the notice reached the hands of the corporation counsel.

The service was made by a young man employed in the

office of plaintiff's attorney. The plaintiff's showing is that he took the notice, which was inclosed in an envelope properly addressed, to the corporation counsel's office. He made an affidavit at the time—

"That he served the notice * * * upon Timothy E. Tarsney, corporation counsel, by delivering the same to Denton Guinness who was in charge of the office at the time, the said Tarsney being absent therefrom."

As a witness he testified that Guinness and a boy were in the office; that he gave the notice to Guinness and asked him his name; that Guinness left the room and came back and gave him his name; that he did not remember that he went there again or that the conversation occurred as related by Guinness; that to the best of his knowledge Guinness did not say that he was not the proper party to take the notice; that he thought if the circumstances had occurred as claimed by Guinness he would have remembered them. Mr. Guinness was at the time chief clerk in the corporation counsel's office. He testified that this notice was served on him August 5, 1904, at the office; that he looked at it and told the boy to wait; that the witness took it to Mr. Hally (one of the assistants) and spoke to him; that he returned with it and explained to the messenger how the charter provided notice should be served, and he then went away; that he returned soon and handed the paper to witness saying he was instructed to serve it upon any one over 21 years of age; witness immediately put the paper in his desk and kept it there for more than three months, when he put it in the files. His duties were to have charge of the law register, to make a record of all cases, and to look after the general clerical work of the office. He says the notice was addressed to the corporation counsel, and that he did not give it to him or to his chief assistant until after three months, for the reason that he had told the messenger what to do and he did not do it, and he thought that was sufficient. The record shows that on August 9, 1904, four days after plaintiff's petition was filed and this claimed

service made, the petition was presented to the council by the clerk and was referred to the committee on claims and accounts. Testimony of claimant and her witnesses was taken before this committee, December 6, 1904. At this hearing Guinness, under instructions, appeared and represented the corporation counsel's office and examined witnesses. On Tuesday, January 3, 1905, this committee reported to the council that they had considered this claim, had heard the testimony, and after consultation with the corporation counsel recommended that it be allowed at the sum of $50. This report was accepted and by unanimous vote of the common council plaintiff's claim was allowed.

If it could be held that the testimony of Guinness is conclusive we should sustain defendant's contention, for unless the notice did reach the corporation counsel or his chief assistant the statute was not complied with. *Beattie* v. *City of Detroit,* supra, is consistent with this statement. That case is not authority for the proposition that the notice under consideration is properly served by leaving it in the office of the corporation counsel. It merely holds that from the evidence in the case it might be presumed that the notice so served reached the person to whom it was addressed. This presumption, however, is not a presumption of law. It is a presumption of fact. From the evidence in the case at bar the jury, under the authority of the *Beattie Case,* might have inferred that the notice reached the corporation counsel. They were not precluded from doing so because of the positive testimony of the witness Guinness. There was the testimony of the messenger and other evidence in the case tending to contradict and discredit the testimony of this witness. His credibility and the weight to be given to his testimony were questions for the jury. *Druse* v. *Wheeler,* 26 Mich. 188; *Michigan Pipe Co.* v. *Insurance Co.,* 92 Mich. 482 (20 L. R. A. 277); *Goppelt* v. *Burgess,* 132 Mich. 28. The court was not in error in denying the defendant's motion for a directed verdict.

Several errors are assigned involving questions of con-

structive notice and latent defects. These are based upon a refusal to give certain requests of defendant, and to direct a verdict for defendant on the ground that it was not shown that there was any constructive notice to defendant of the defect which is alleged to have caused the injury. As to the condition of the curb and gutter and the gutter plank, a number of witnesses testified on the part of the plaintiff. This testimony was not contradicted by defendant. It was sufficient to warrant the jury in finding that at this place the cross-walk was out of repair and not reasonably safe for foot passengers, and that such condition had existed for a long time, and was a condition which would be disclosed by a test in the nature of the ordinary use of the walk. The court charged the jury at length as to defects and their character. He defined correctly patent and latent defects; told them that if this defect was latent plaintiff could not recover. He correctly charged the rule as to what would amount to constructive notice of a patent defect and the duty of the city in keeping its streets and walks in repair and the condition of safety required; also the conditions under which a city is liable for defective walks, and finally he summarized and repeated, as follows:

"Before you can find for the plaintiff you must determine that this is a patent defect. Then you must find that it was of such a character as to put this sidewalk in a condition not reasonably safe and fit for travel; you must find that it existed for such a length of time that want of knowledge of its condition by the proper city officials is improbable, and then you must find that the accident did happen to the plaintiff at that point and that injuries resulted therefrom. If you find all of these facts —and you must find each of them—then you will determine an amount that will compensate the plaintiff for her damages. If you find against the plaintiff on any one of these propositions you will find for the defendant."

*Urtel* v. *City of Flint*, 122 Mich. 65; *Menard* v. *Bay City*, 114 Mich. 450. See, also, *Hunter* v. *Village of Ithaca*, 141 Mich. 539.

Errors are also assigned upon the part of the charge given by the court relative to loss of earnings by plaintiff, and upon refusal to give defendant's request upon that question. The following is the portion of the charge necessary to quote:

" If your verdict is for the plaintiff, you will allow her such damages as will compensate her for the injuries she has suffered. That includes not only loss of time occasioned by this injury, past and present and prospective, but it also includes moneys which she has disbursed in and about her cure, and also for the discomfort which is occasioned by the injury, chagrin and mortification which she feels by reason of the injury, and any of these things resulting from the injury. That is, you will allow her for damages an amount which will compensate her for the injury and for the damages which she has suffered, if you find for the plaintiff."

Also,—

" You will determine her loss of earnings by reason of the injury, and if she has suffered loss you will compute that in damages."

The objectionable clause in the first quotation is as follows: " That includes not only loss of time occasioned by this injury, past and present and prospective," etc. There was undisputed evidence that the plaintiff had suffered loss in earnings while she was kept from work by reason of the injury. It was also undisputed that this injury was a serious one and would be permanent; that before the injury she was healthy and strong, now she is not able to walk to and from her work, and must do work where she can sit all day with her right foot resting upon a block. This plaintiff is, and will be, confined to only such employment as will offer her these conditions. Before her injury she could seek employment of any and all kinds. It is apparent that her earning capacity as a working girl is impaired by reason of this injury.

The charge is not subject to the criticism that it allowed the jury to speculate. It was confined to such damages

arising from this injury as the jury from the evidence might find by reason of the impairment of her earning capacity. There was evidence as to the wages she earned upon which the jury could base their judgment as to the amount of these damages. The small verdict returned is an indication that no speculation was indulged in by the jury.

Error is also assigned because the court allowed two of the young ladies who were with plaintiff at the time of this accident to testify that they also fell down, and how they fell. Plaintiff had testified without objection that all of the girls had fallen when the plank tipped up. It is not claimed that any of the others were injured. The testimony was material as showing the nature of the defects in the crossing at the time.

We find no error in the case. The judgment is affirmed.

CARPENTER, GRANT, HOOKER, and MOORE, JJ., concurred.