## ZART v. SINGER SEWING MACHINE CO.

1. PRINCIPAL AND AGENT — LIABILITY FOR TORTS OF AGENT — SCOPE OF AUTHORITY.

   Evidence that plaintiff went to a branch store of defendant for repairs on her sewing machine; that the managing salesman arranged to call and get her machine, and did so, bringing afterwards another machine to use pending its return; that the substituted machine was apparently second-hand and he told her he wanted to sell it because he was about to be married; that plaintiff bought it, paying part down, and, on her refusal to pay the balance until he should return the old machine, he and another during business hours committed an assault in attempting to remove the second machine, presents a question of fact whether he was acting within the scope of his authority or for his personal benefit, upon a showing by the defendant company that the machine did not belong to it, and it received no benefit from the sale.[1]

[1] As to liability of master for assault by servant, see note to *Davis* v. *Houghtelin* (Neb.), 14 L. R. A. 737.

2. Evidence—Conflict—Jury.

    The jury is entitled to consider the reasonableness of testimony, and are not bound to believe a witness whose testimony is inconsistent with the circumstances, although no other testimony bears on the question.

3. Principal and Agent—Declarations—Res Gestæ.

    Declarations of an agent and declarations made in his presence at the time of doing an act within the scope of his authority, and relating to the subject-matter of the act, are admissible in evidence as part of the *res gestæ*.

Error to Wayne; Wisner, J., presiding. Submitted June 23, 1910. (Docket No. 150.) Decided July 14, 1910.

Trespass *vi et armis* by Minnie Zart against Andrew J. Brandau and the Singer Sewing Machine Company. A judgment for plaintiff is reviewed by defendant company on writ of error. Affirmed.

*Lodge & Brown,* for appellant.

*William Look* and *Lehman, Riggs & Lehman,* for appellee.

Stone, J. The plaintiff brought an action in trespass against the defendants to recover damages for an alleged assault committed upon her by the defendant Andrew J. Brandau, while, it was claimed by the plaintiff, he was engaged in the business of the other defendant, the sewing machine company. The plaintiff recovered a substantial verdict and judgment, and the defendant the sewing machine company has brought error.

(1) It claims that the court erred in denying defendant's motion to direct a verdict for it, because it appeared from the undisputed testimony that Brandau and his companion, were not, at the time of the alleged assault complained of, engaged upon the business of the Singer Sewing Machine Company, but were engaged in the private enterprise of the defendant Brandau.

(2) That the court erred in denying defendant's motion

to direct a verdict for it, because it appeared by the undisputed testimony that at the time of the assault complained of Brandau and his companions were not acting within the scope of their employment by the said sewing machine company.

(3) That the court erred in denying defendant's motion for a new trial upon the grounds above stated; and also because the verdict was against the weight of evidence.

After reading the record we are unable to agree with defendant's counsel that the evidence was undisputed upon the points stated in the assignments of error. There was a conflict in the evidence. The plaintiff offered evidence tending to show that on September 6, 1906, before noon, she went to the branch store of the sewing machine company, at the corner of Chene street and Gratiot avenue, Detroit, to have some repairs made on her sewing machine. There she met defendant Brandau, who was managing salesman for the company at that store, and arranged with him to call at her house and get the machine. Brandau went to plaintiff's house about 1 o'clock p. m. and took away the old machine, saying that he would bring it back right away. The agreed price of repairs was $4.

That same evening, about 6 or 7 o'clock, Brandau came a second time to plaintiff's house, and brought another machine for her use, while her own machine was being repaired. He told her that he wanted to sell this machine because he and his girl wanted to get married. The machine was apparently second-hand. After some negotiations the plaintiff agreed to buy this machine for $24, paying $15 down and taking from Brandau the following receipt:

"9 / 6 / '06.

"Received from Mrs. C. Zart $15, balance of $9 to be paid September 7, 1906.

"A. J. BRANDAU, M. S."

No further writing was made or passed, nor would there be in a cash sale any written contract. Brandau called the third time on September 8th, in the afternoon,

to collect the $9 balance.   Plaintiff refused to pay until he brought back her old machine.   On October 16th Brandau called again with a Mr. Berg, her neighbor, who was an employé of said company.   Berg said to the plaintiff:

"Mrs. Zart, you must pay the $9.   Mr. Brandau is the agent.   You must pay that money to the company."

She refused to pay, claiming that he had sold her machine.   He finally brought back what he claimed was her old machine.   She claimed it was not hers.

On October 23d, in the morning, Brandau came to the plaintiff's house with one Wood, an employé of the sewing machine company.   Brandau came in the front door and Wood in the back door.   When they came in, Wood said:   "I am the boss from Chicago," and he showed papers, which he had in his pocket.   He said:   "I am boss; I take the machine," and then he took it.   Wood and Brandau then picked up the new machine and started away with it.   In the melée which ensued plaintiff claims to have been kicked and injured by Brandau, and brought this action.   Plaintiff's daughter testified that Brandau came with a wagon that day which had on it the name of the Singer Sewing Machine.   It was undisputed that Brandau was the manager of the sewing machine company at the time he had the dealings with the plaintiff, and that the letters "M. S." added to his name meant "Managing Salesman;" that he hired Wood and paid him, and that he had agents under him, and that he had charge of the entire business that came through the store; that there was no one above him there.   The defendant Brandau testified that he took Wood along to get the money or the machine.   That if a machine was not paid for, he looked after taking it back or seeing that the company's rights were protected.   That was in his line of business.

On the part of the defendant it was claimed, and it gave evidence tending to show, that the machine which had been sold to the plaintiff, was received at appellant's store

on March 30, 1906; that it was on trial at the house of an Italian on Rivard street, where a fire occurred on May 6, 1906; that the machine became so smoked and burned by the fire as to be of no further value to appellant; that appellant collected the insurance thereon, dropped the machine from stock, and gave the store credit therefor; that appellant never sold this machine again, and received no money for it from anybody; that appellant's books show no sale of any machine to plaintiff, nor any business transaction with her whatever during the months of September and October, 1906; that during 1906 Brandau had built a partition in appellant's store, and had paid for the repairs personally; that after the machine was damaged and dropped from stock, appellant gave it to Brandau to reimburse him for these repairs, to do whatever he pleased with it; that Brandau had the machine refinished and overhauled, and took it to his house, where it stood for a month or two until he sold it to the plaintiff; that appellant did not know that Brandau had sold this machine to plaintiff, or that any trouble had occurred, until the early part of 1907, when this suit was begun; that Brandau and Wood have standing instructions never to use force to obtain possession of a machine, and, if unable to obtain peaceable possession, to commence replevin proceedings. The appellant contends that the above claims were undisputed, and entitled it to a directed verdict. The record shows that there were many points in dispute.

It does appear that the plaintiff never knew Brandau except as manager of the business of the Singer Sewing Machine Company. She went to the company's store to do business with the company. She made arrangement with the company's manager to repair her old machine, and it was taken to the company's store for repairs. There is no evidence that Brandau ever told her that the machine was his own property, and not that of the company. The testimony is conclusive that Brandau was the manager of the store and business. He had Wood, Berg, and another under him. The supervising agent for the

State testified that Brandau looked after the company's interests and business. He selected and hired the company's help. If he wanted to discharge a man he could. He had for years been held out in the city directory as manager of the appellant's business, at the store in question. His authority in that business seems to have been plenary. There is no claim that Brandau and Wood were not under pay, and in the employ of the appellant on this day, and the trouble occurred during business hours. These are a part only of the circumstances which, in our opinion, justified the circuit judge in leaving the questions involved to the jury.

The charge contained the following language:

"I charge you that the liability of the master does not reach wrongs caused by the carelessness of servants in work not directed by the master, as the business of a third party, of the servant himself, or of the master, which he did not expressly or impliedly direct the servant to perform.

"I therefore charge you that if you find that at the time of the commission of the alleged assault Brandau and Wood were not engaged upon the business of the Singer Sewing Machine Company, but were engaged in the private enterprise of defendant Brandau, the Singer Sewing Machine Company is not responsible for their acts, and your verdict must be for the defendant Singer Sewing Machine Company. If you find that the acts of Brandau and Wood in committing the alleged assault of which plaintiff complains were not acting within the scope of their employment by the Singer Sewing Machine Company, and that their acts in that connection were not expressly or impliedly authorized by the Singer Sewing Machine Company, then the Singer Sewing Machine Company is not responsible therefor, and your verdict must be for the defendant Singer Sewing Machine Company.

"I charge you that the fact that the plaintiff believed, or was induced to believe by Brandau that she was having a machine from the Singer Sewing Machine Company, is not alone sufficient to make that defendant liable for the assault, unless you find that the Singer Sewing Machine Company actually owned the machine. The defendant Singer Sewing Machine Company is not liable, unless you

find that it actually owned the machine sold by Brandau to plaintiff. * * * There are two methods of proving every proposition that is alleged in a court of justice. One is by direct proof; the other is by circumstantial evidence. By direct proof, where testimony is given, such as was given in this case by Brandau and the other two witnesses—that is direct proof.

"Now, the other proposition sought to be established, that these men were engaged on the business of the Singer Sewing Machine Company, and were acting within the scope of their employment, is sought to be established by circumstantial evidence. Now if you find that all those circumstances, taken together, in your judgment, in some degree, outweigh the testimony that is opposed to it, and that it establishes the fact sought to be proven by the plaintiff by a fair preponderance of evidence, then you are entitled to act upon the circumstances, notwithstanding an absolute denial."

We are of opinion that the case and the charge fall within the doctrine of the case of *Canton* v. *Grinnell*, 138 Mich. 590 (101 N. W. 811). The jury had the right to consider the reasonableness of the testimony. They are not bound to believe a witness whose testimony is inconsistent with the circumstances, although there is no other testimony bearing on the same question. If there is anything tending to create distrust in the truthfulness of a witness, the question must be left to the jury. *Underhill* v. *Railway Co.*, 81 Mich. 43 (45 N. W. 508); *Michigan Pipe Co.* v. *Insurance Co.*, 92 Mich. 482, 488 (52 N. W. 1070, 20 L. R. A. 277); *Goppelt* v. *Burgess*, 132 Mich. 28 (92 N. W. 497); *Preuschoff* v. *Brewing Co.*, 132 Mich. 107 (92 N. W. 945); *Abbott* v. *City of Detroit*, 150 Mich. 245 (113 N. W. 1121).

The declarations of an agent, and declarations made in the presence of an agent, at the time of doing an act, within the scope of his authority, and relating to the subject-matter of the act, are evidence, as part of the *res gestæ*. *Benedict* v. *Denton*, Walk. Ch. (Mich.) 336; *Converse* v. *Blumrich*, 14 Mich. 110 (90 Am. Dec. 230); *Butters Salt & Lumber Co.* v. *Vogel*, 135 Mich. 383 (97 N. W. 757).

The case seems to have been properly and carefully submitted to the jury, and a verdict reached which the circuit judge, on a motion for a new trial, refused to disturb. There was sufficient basis for this holding.

The judgment is affirmed.

BIRD, C. J., and OSTRANDER, HOOKER, and BLAIR, JJ., concurred.