### GUIPE *v.* JONES.

1. **ASSAULT AND BATTERY—BARTENDER—INSTRUCTIONS—REQUEST TO CHARGE.**

   In customer's action against liquor licensee for assault by bartender, refusal to give request to charge that bartender struck plaintiff while acting as agent of defendant's waitress in attempting collection for drink she had served and outside of the scope of his duties as defendant's employee *held*, not error, where instructions given by the court fairly and adequately covered defendant's claim in such regard.

2. **SAME—BARTENDERS—REQUEST TO CHARGE—SCOPE OF EMPLOYMENT.**

   In customer's action against liquor licensee for assault by bartender, defendant was not entitled to request to charge that he would not be liable as an employer for blow struck by bartender in course of argument with plaintiff where there was no testimony that the bartender had had any argument with plaintiff independent of attempt to collect for drink theretofore served.

3. **SAME—VERDICT—EVIDENCE—DIRECTED VERDICT—BARTENDERS.**

   Verdict and judgment for customer in his action against liquor licensee for loss of eye due to assault by bartender *held*, supported by the great weight of the evidence, hence it was proper to deny defendant's motion for directed verdict based on claim that bartender struck in self-defense, that his act was willful and wanton and outside of scope of duties and authority as defendant's employee and that he was then acting as an agent of defendant's waitress rather than of defendant.

4. **MASTER AND SERVANT—ASSAULT WITHIN SCOPE OF EMPLOYMENT.**

   An employer is liable for injuries resulting from an assault inflicted by an employee while acting within the scope of his employment.

---

* Continued from Vol. 319.

5. APPEAL AND ERROR—MOOT QUESTION—LIABILITY OF LIQUOR LICENSEE'S SURETY—QUESTIONS REVIEWABLE.

Where action against liquor licensee's statutory surety had been dismissed by trial court but it executed licensee's appeal bond as surety, its liability as surety on the liquor bond became moot and is not considered on appeal (Act No. 8, § 22, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

6. COSTS—BRIEFS.

In action by customer against liquor licensee and surety on his statutory bond where both defendants were represented by same attorney and surety filed no separate brief, no costs are allowed the surety (Act No. 8, § 22, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

7. SAME—CROSS APPEAL.

While costs in both courts are allowed plaintiff against defendant liquor licensee upon affirmance of judgment against such defendant, no costs are allowed plaintiff on his cross appeal against licensee's surety, where no relief was allowed on the cross appeal (Act No. 8, § 22, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

Appeal from Genesee; Elliott (Philip), J. Submitted October 7, 1947. (Docket No. 9, Calendar No. 43,785.) Decided January 5, 1948.

Case by Fred Guipe against Reese Jones, doing business as Reese Jones Bar, and Indemnity Insurance Company, for injuries sustained when he was assaulted by defendant's bartender. Case dismissed as to Indemnity Insurance Company on motion. Verdict and judgment for plaintiff against defendant Jones. Defendant Jones appeals. Plaintiff cross-appeals. Affirmed.

*Walter C. Jones* and *Maurine L. Jones*, for plaintiff.

*James M. Pearson*, for defendants.

DETHMERS, J. Defendant Reese Jones is the owner of a bar operated under a class "C" liquor license.

Defendant Indemnity Insurance Company is the surety on defendant Jones' statutory bond * filed with his application for the license.

During Jones' absence and while a bartender employed by him was in charge of the place, plaintiff entered, ordered certain drinks and paid the waitress who served him. Thereafter he was served a drink which he claimed he had not ordered and for which he refused to pay the waitress. The bartender then attempted to collect from plaintiff and, upon his continued refusal to pay, struck him, causing plaintiff to lose the sight of an eye. Although the waitress testified that, in accord with the practice in the place, she had paid the bartender for the drink before she served it to plaintiff, and while defendants claim that, in consequence, the bartender was acting as the agent of the waitress in attempting to collect from plaintiff, the undisputed testimony of this same waitress is that it was the bartender's duty and responsibility and his uniform practice, as an employee of defendant, to see to it that patrons paid the waitresses for drinks served.

Upon trial the court dismissed the case against defendant Indemnity Insurance Company. The jury returned a verdict for plaintiff and against defendant Jones in the amount of $7,500. Defendant Jones appeals and plaintiff cross-appeals from the order dismissing as to defendant Indemnity Insurance Company.

Defendants' brief, containing, under the heading of "argument," some 37 pages of testimony taken, page after page, from the printed record, is not too helpful to the Court. Under the heading of "questions involved" defendants list five questions, the

---

* See Act No. 8, § 22, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209-37, Stat. Ann. 1947 Cum. Supp. § 18.993).—REPORTER.

first four of which inquire whether the court erred
in refusing (1) to direct a verdict for defendant
Jones at the close of plaintiff's proofs, (2) to direct
a verdict for defendant Jones at the close of defend-
ants' proofs, (3) to grant defendant Jones' motion
for a judgment *non obstante veredicto,* (4) to grant
defendant Jones' motion for a new trial.

As a fifth question involved, defendants ask
whether the court erred in refusing to give two of
defendants' requests to charge. The first request
was predicated on the assumption that the bartender
struck plaintiff while acting as the agent of the wait-
ress and outside the scope of his duties as defend-
ant's employee. The instructions given by the court
fairly and adequately covered defendants' claim in
this respect, properly leaving it to the jury to deter-
mine the correctness of this claim under all the testi-
mony on the subject. The second request was, in
effect, that defendant as employer would not be
liable for a blow struck by his employee, the bar-
tender, in the course of an argument between the
bartender and plaintiff. There was no testimony as
to an argument between them independent of that
attendant upon the bartender's attempt to collect
and plaintiff's refusal to pay. Consequently, and
in view of the undisputed testimony that the bar-
tender was acting within the scope of his employ-
ment in seeking to enforce payment, defendants were
not entitled to such instruction as requested.

As relates to the first four questions, the burden
of defendants' argument, as set forth in their brief,
seems to be that defendant Jones was entitled to a
directed verdict and thereafter to a judgment *non
obstante veredicto* or a new trial because (1) the bar-
tender struck in self-defense, (2) the bartender's act
was willful and wanton and, therefore, outside the
scope of his duties and authority as defendant's em-

ployee, (3) the bartender was at the time acting as an agent of the waitress rather than of the defendant. These claims of the defendants were all fairly submitted to the jury under the court's instructions. The jury evidently did not believe these claims. There is ample evidence to the contrary and the jury's verdict, so far from being contrary to, is, in fact, supported by the great weight of the evidence.

As authority for the proposition that an employer is liable for injuries resulting from an assault inflicted by an employee while acting within the scope of his employment, see: *Canton* v. *Grinnell*, 138 Mich. 590; *Zart* v. *Singer Sewing Machine Co.*, 162 Mich. 387; *Moffit* v. *White Sewing Machine Co.*, 214 Mich. 496.

Verdict and judgment for plaintiff against defendant Reese Jones are affirmed, with costs in both courts to plaintiff against said defendant.

The defendant Indemnity Insurance Company has executed defendant Jones' appeal bond as surety. The question of the defendant company's liability as surety on the liquor bond having become, therefore, as plaintiff concedes, moot, we decline to consider it. Both defendants having been represented by the same attorney and defendant Indemnity Insurance Company having filed no separate brief, no costs are allowed to either that defendant or the plaintiff on the cross appeal.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.