## SHINABARGER *v.* PHILLIPS.

1. ASSAULT AND BATTERY—TORT OF AGENT—AUTHORITY—QUESTION FOR JURY—EVIDENCE.

   Evidence, presented in action for assault and battery against father and son, *held,* sufficient to present as a question of fact for jury consideration whether or not the son who inflicted injuries was acting as an employee of the father at the time and whether the wilful tort was within the scope of the agency.

2. SAME—TORT OF AGENT—LIABILITY OF PRINCIPAL—GREAT WEIGHT OF EVIDENCE.

   Verdict for plaintiff in action against defendant owner of gasoline station for injuries inflicted by assault of such defendant's son *held,* not against the great weight of the evidence on question of whether the son was an employee of such defendant and, if so, acting within the scope of his employment when he beat plaintiff, where it appears plaintiff knew of the father and son relationship, had seen the son at the station functioning ʻas an employee, and altercation arose incident to son's attempted charge for use of station tools.

3. PRINCIPAL AND AGENT—IMPLIED AGENCY.

   An implied agency must be based upon facts and facts for which the principal is responsible; and upon a natural and reasonable, but not a strained, construction of those facts.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery §§ 132, 136.
[2] 6 Am Jur 2d, Assault and Battery § 204 *et seq.*
[3] 3 Am Jur 2d, Agency §§ 18, 19.
[4] 3 Am Jur 2d, Agency §§ 261, 267.
[5, 6] 3 Am Jur 2d, Agency §§ 21, 354, 359, 360.
[7] 6 Am Jur 2d, Assault and Battery § 208.
[8] 26 Am Jur, Hospitals and Asylums § 6.
   Admissibility of hospital chart or other hospital record. 120 ALR 1124.
[9] 6 Am Jur 2d, Assault and Battery §§ 181, 183, 184.

4. SAME—LIABILITY OF PRINCIPAL FOR TORT OF AGENT.

A principal may be liable for the tortious acts of an agent if done while acting within the apparent scope of authority.

5. SAME—EVIDENCE—DECLARATION OF AGENT.

Agency cannot be established by the declaration of the supposed agent alone, but it is not necessarily reversible error to receive evidence of such declaration, where there are other attending facts and circumstances from which an inference of agency may be drawn, the question being one for the jury.

6. SAME—EVIDENCE OF AGENT'S AUTHORITY—DECLARATION OF AGENT.

Admission in evidence as to son's declaration that he was boss of gasoline station when his father was not in town *held*, not prejudicial error on father's appeal in action by plaintiff customer against the father and son for injuries received in assault by latter, in view of other facts and circumstances supporting a finding of agency on the part of the son.

7. APPEAL AND ERROR—ADMISSION OF EVIDENCE—PREJUDICIAL ERROR.

Admission of testimony that defendant father had not filed with the county clerk a certificate showing him to be the one doing business under the assumed name here employed *held*, not shown to have prejudiced his defense in action by plaintiff customer for injuries received when assaulted by such defendant's son then present at the station and who is shown to have had apparent authority to act as such defendant's agent.

8. EVIDENCE—RECORD MADE IN REGULAR COURSE OF BUSINESS—HOSPITAL RECORD.

Hospital record of plaintiff's treatment and diagnosis which showed he had suffered a concussion, made and kept in the regular course of business, was admissible in action against gasoline station owner and his son for injuries received by assault of latter at the station and was not prejudicial to the appellant owner even though the diagnosis had been made by a physician who was not called as a witness, where the content was supported by the testimony of another doctor.

9. DAMAGES—FUTURE PAIN AND SUFFERING—EVIDENCE—CONCUSSION.

Jury's consideration of future pain and suffering by plaintiff, in action for injuries received when assaulted by defendant gasoline station owner's son at the station, *held*, to have sufficient evidentiary support by plaintiff's testimony that hitherto he had been in good health but that at the trial, 1-1/2 years after the assault, he still suffered pain and a flick of the nerves

in his nose and a doctor testified that plaintiff was still coming
to him for treatment.

Appeal from Genesee; McGregor (Louis D.), J.
Submitted March 5, 1963. (Calendar No. 66, Docket
No. 49,765.) Decided May 9, 1963.

Case by Glen Shinabarger against Jack Phillips
and Charles Phillips for injuries suffered in assault
and battery. Verdict and judgment for plaintiff.
Defendant Jack Phillips appeals. Affirmed.

*McAra & Palmer* (*Robert P. Keil* and *Richard C.
Fruit,* of counsel), for plaintiff.

*Marshall, O'Brien & Fischer* (*John P. O'Brien,* of
counsel), for defendant Jack Phillips.

DETHMERS, J. Plaintiff sued for damages result-
ing from a beating inflicted upon him by defendant
Charles Phillips on the gasoline station premises
of the latter's father, defendant Jack Phillips. A
jury returned a $3,000 verdict for plaintiff against
both defendants. From judgment entered on that
verdict the father, defendant Jack Phillips, appeals.
The son, defendant Charles Phillips, has not ap-
pealed.

Appellant says that the main issue on this appeal
is whether the defendant son was an employee of
defendant father on the night in question and, if
so, acting within the scope of his employment when
he beat plaintiff.

As developed by the pleadings and the proofs on
which appellant relies, the facts are as follows. The
father owned and operated the gasoline station, but,
on the occasion here involved, was away on a trip.
He left the station in charge of 2 employees named
Campbell and Ritter. The son was not and never

had been an employee of the father. At the time, he was an employee of a contractor in a nearby city. Ritter was in charge of the station that night. The business at the station was selling gasoline, oil, et cetera, but not renting out tools. Tools sometimes were loaned to others at the station, but no charge was ever made therefor. The son testified at trial that he was not working for his father and had no authority from his father to rent tools to others or to charge for the use thereof. On the night in question plaintiff borrowed tools from Ritter to fix the belt of an automobile of friends of his who were stopped there. He returned the tools to Ritter. The son then appeared on the scene and plaintiff made a statement to him which irritated him. The son then told Ritter that he was going to charge plaintiff 50¢ for use of the tools. Ritter told him not to do so. The son, nevertheless, did demand 50¢ from plaintiff for rental of the tools. Over defendants' objections testimony went in to show that plaintiff then wanted to call the father about it, but the son told him that he was boss while his father was out of town. An altercation followed in which plaintiff received the injuries because of which this suit was brought. The father denied that the son was acting for him or had any authority from him so to do. Plaintiff testified that on previous occasions he had seen the son in the station and been waited on by him, both for gasoline and for service; that he had seen both the father and the son wait on customers, and had been at the station when only the son was present. The father admitted, in testimony, that the son had on occasions waited on customers in the station as his other 3 sons also had done.

Defendant father made motions for directed verdict on the ground that no agency between him and his son was shown and the further ground that, if shown, the assault by the son was a wilful

tort not shown to have been committed within the scope of such agency. To denial of the motions appellant assigns error. He urges that there was insufficient evidence on the points to go to a jury or to support its verdict for plaintiff.

We hold that there was sufficient evidence thereon to go to a jury and that we are not in accord with appellant's position, if it be such, that the verdict is against the great weight of the evidence.

Plaintiff relies on implied agency, citing *Weller* v. *Speet,* 275 Mich 655. While implied agency was not found to exist in that case, a test therefor was expressed in the opinion to the effect that implied authority must rest upon acts and conduct of the alleged agent known to and acquiesced in by the alleged principal prior to the incident at bar. Quoted with approval therein (p 659) is the following from 2 CJ, Agency, § 32, p 436:

"An implied agency must be based upon facts, and facts for which the principal is responsible; and upon a natural and reasonable, but not a strained, construction of those facts."

We think that, superimposed upon the plaintiff's knowledge of the father and son relationship between defendants, the fact that he had seen the son wait on customers at the service station in the presence of his father afforded a reasonable basis for an implied agency and was sufficient to allow a reasonable inference by the jury that such agency existed. In addition to that, from the son's attempt to make plaintiff pay for use of the father's tools, which could properly be viewed as being in furtherance of the father's business, a reasonable inference could also be drawn that it was within the scope of that apparent employment. At least, the jury might well conclude that the son acted within the apparent scope of his authority. It follows that appellant

was not entitled to a directed verdict, that a jury question was presented, and that the verdict was not against the great weight of the evidence.

An employer may be liable even for the tortious acts of an employee if done while acting within the scope of the employment. See *Guipe* v. *Jones,* 320 Mich 1, 5, in which this Court said:

"As authority for the proposition that an employer is liable for injuries resulting from an assault inflicted by an employee while acting within the scope of his employment, see: *Canton* v. *Grinnell,* 138 Mich 590; *Zart* v. *Singer Sewing Machine Co.,* 162 Mich 387; *Moffit* v. *White Sewing Machine Co.,* 214 Mich 496."

In *Anderson* v. *Schust Co.,* 262 Mich 236, a suit for damages resulting from negligent driving of defendant's motor vehicle by its employee, this Court said:

"As between the master and servant, the master is liable only when the servant acts within the actual scope of his authority, but as between defendant and third persons injured by the acts of the servant, defendant may be liable when the servant is acting within the apparent scope of his authority."

Appellant claims error in the court's admitting into evidence plaintiff's testimony that, on the occasion in question, the son had said he was the boss when the father was out of town. Appellant is correct in his contention that agency cannot be established by the declaration of the supposed agent alone. *Mitchell* v. *Western Fire Insurance Co.,* 272 Mich 204. Even so, when testimony as to such declarations does not stand alone but attending facts and circumstances are shown from which an inference of agency may be drawn, the question is one for the jury. *Douglas* v. *Insurance Company of North America,* 215 Mich 529. Such is the situation at bar. Appellant cites no case in support of his

claim of error in admitting the testimony concerning the son's statement that he was boss in his father's absence. Under the facts in the case supporting a finding of agency, prejudicial error cannot be said to have occurred in admitting the testimony to which appellant objected.

As for the claim of error in admission of testimony that the father had not filed with the county clerk a certificate showing him to be the one doing business under the assumed name here employed, appellant fails to show how that could have prejudiced his defense in this case.

There was no error in instructions to the jury that:

(a) The principal is liable for the acts of an agent when performed in an endeavor to promote the principal's business "within the scope of actual or apparent authority conferred upon him for that purpose."

(b) "And in this case you have a right to consider the family relationship and the custom of children working at their father's gas station as bearing on the question of employment of Charles Phillips for his father."

Appellant contends it was error to admit hospital records, made and kept in the regular course of business, concerning plaintiff's treatment and the diagnosis which showed that he had suffered a concussion. CL 1948, § 617.53 (Stat Ann 1962 Rev § 27.902), in effect when this case was tried, made the records admissible in evidence. See *Harrison* v. *Lorenz,* 303 Mich 382; *Valenti* v. *Mayer,* 301 Mich 551; *Harvey* v. *Silber,* 300 Mich 510; and *Gile* v. *Hudnutt,* 279 Mich 358. The fact that one of the records contained a diagnosis by a physician not called as a witness does not render the record inadmissible. It was supported in its content by the

testimony of another doctor. No prejudice to appellant occurred in this respect.

It was not error for the court to charge the jury on future pain and suffering merely because there was no medical testimony that future pain and suffering would occur. Appellant cites, in this connection, *McDuffie* v. *Root,* 300 Mich 286. There this Court upheld submission to the jury of the question of future pain and suffering on the strength of testimony that plaintiff never had suffered headaches before the accident but they began soon thereafter and still continued. In the instant case, plaintiff testified that at time of trial, 1-1/2 years after the son had assaulted him, he still was suffering pain, that before he had been in good health and had not suffered from said pain and a flick of the nerves in his nose which now afflicted him. A doctor testified that plaintiff was still coming to him for treatment. This constituted a sufficient evidentiary basis for jury consideration of future pain and suffering.

Affirmed. Costs to plaintiff.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.