## SIMONS *v.* BESSE

1. EVIDENCE—BUSINESS ENTRY RULE—HOSPITAL RECORDS.
   Hospital records made in regular course of hospital operations are admissible in evidence even though they contain entries by persons not called as witnesses (CLS 1961, § 600.2146).

2. SAME—REFRESHING RECOLLECTION—HOSPITAL RECORDS.
   A doctor who attended the patient at the hospital may use the hospital records to refresh his recollection of a case even though they include entries not made by him.

3. DEEDS—MENTAL COMPETENCE OF GRANTOR—EVIDENCE—CONDITION AFTER EXECUTION OF DEED.
   Evidence of the condition of the grantor after the execution of a deed is admissible on the issue of his mental competence to execute the deed.

Appeal from Ingham, Salmon (Marvin J.), J. Submitted Division 2 November 5, 1968, at Lansing. (Docket No. 4,541.) Decided November 25, 1968.

Complaint by Donald Simons, special administrator of the estate of Carolyn L. LaFountain, deceased, against Stanford L. and Beatrice Besse to set aside a deed from deceased to defendants. Judgment for plaintiff. Defendants appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Hospitals and Asylums § 43.
    30 Am Jur 2d, Evidence § 914 *et seq.*
[2] 29 Am Jur 2d, Evidence §§ 876, 877.
[3] 23 Am Jur 2d, Deeds § 46.

*Newman and Mackay,* for plaintiff.

*Glassen, Parr, Rhead & McLean,* for defendants.

PER CURIAM. The action of plaintiff resulted in a judgment setting aside a deed from Carolyn L. LaFountain to defendants on the basis of the grantor's mental incapacity to execute the deed. Defendants moved for rehearing, which was denied. They appeal from the judgment and order denying rehearing.

Four of the 9 issues raised on appeal relate to the amount of proof in support of the judgment. A review of the record does not convince this Court it would have reached a different result had it sat as the trial court.

Hospital records were introduced at trial without the testimony of the person making some of the entries contained therein. A doctor who attended deceased at the hospital was permitted to refresh his memory from the hospital records, including entries not made by him. Both of these procedures were over the objection of defendants and constitute 2 of the errors alleged on this appeal. CLS 1961, § 600.2146 (Stat Ann 1962 Rev § 27A.2146) authorizes admission of the records even though they contain entries by persons not called as witnesses. *Shinabarger* v. *Phillips* (1963), 370 Mich 135. The use of the record by the doctor to refresh his recollection was proper. 4 Jones on Evidence (5th ed), § 968, p 1821.

Evidence of decedent's condition subsequent to the execution of the deed was admitted over objection. This is claimed as error. This evidence was proper. *Beattie* v. *Bower* (1939), 290 Mich 517.

The bank record, objected to by defendants, was properly admitted. It was an incident in the transaction sought to be set aside and it demonstrated a variance of decedent's signature when compared with other evidence.

The foregoing negates defendants' claim that the judgment is contrary to law.

Affirmed with costs to plaintiff.

McGREGOR, P. J., and QUINN and LETTS, JJ., concurred.