WOJTASZEK *v.* DEPARTMENT OF STREET RAILWAYS, CITY
OF DETROIT.

Evidence—Conclusion of Expert Witness—Harmless Error—
Damages.

In action by street car passenger against municipal department
of street railways for injuries alleged to have been sustained
when alighting from a street car, admission of testimony of
defendant's doctor that, in his opinion, plaintiff's neurotic
condition was due to an unfortunate economic and domestic
life and not to the accident *held*, not reversible error where
jury found no liability on part of defendant since such testi-
mony bore only upon the measure of damages.

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted October 13, 1937. (Docket No. 21, Calen-
dar No. 39,641.) Decided December 14, 1937.

Case by Pauline Wojtaszek against Department
of Street Railways of the City of Detroit and City of
Detroit, a municipal corporation, for personal in
juries sustained when alighting from a street car.
Verdict and judgment for defendants. Plaintiff ap-
peals. Affirmed.

*Berger, Manason & Barris (Isadore Berger,* of
counsel), for plaintiff.

*Rodney Baxter* and *Leon H. Harman,* for defend-
ants.

Fead, C. J. In action for damages for injuries
caused by operation of a street car, the only testi-

mony as to the circumstances of the claimed negligent conduct was given by the plaintiff and as follows:

"The street car stopped to leave me off at Otis. I was getting off the front end of the car and had one foot on the step and the other foot in the air when the street car started with a sudden jerk and threw me to the pavement. I was dizzy afterwards and got up and went home. How I got there I don't know."

Plaintiff claimed that both physical injuries and "traumatic hysteria and traumatic neurosis" resulted from the fall.

The jury returned a verdict for the defendant.

Plaintiff's complaint is that defendant's doctor was permitted to testify that in his opinion the cause of plaintiff's neurotic condition was an unfortunate economic and domestic life and not the accident she had sustained. Whether admissible or not, this testimony bore only upon the measure of damages, a subject which the jury did not reach because it found want of liability in defendant. Consequently admission of the testimony did not constitute reversible error.

Affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.