VALENTI *v.* MAYER.

1. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE NOT IMPUTABLE TO MINORS.

In action by minor passenger of car on trunk line highway against administrator of estate of driver of car struck by car in which plaintiff was riding at intersection of trunk line highway and cross road, in order for plaintiff to recover there must be proof of negligence on the part of decedent which was the sole or at least a contributing proximate cause of the accident as the contributory negligence, if any, of plaintiff's driver may not be imputed to plaintiff, a minor.

2. SAME—INTERSECTION OF TRUNK LINE HIGHWAY AND STOP ROAD—NEGLIGENCE—QUESTION FOR JURY.

In action by minor passenger in car travelling at speed of about 60 miles an hour on a trunk line highway for injuries sustained when car struck a car driven by defendant's decedent across such highway on a stop road, evidence *held,* to present for jury the question as to whose negligence caused the collision.

3. SAME—INTERSECTIONS—VERDICTS—EVIDENCE.

Verdict for defendant, administrator of estate of driver of car on stop road which was struck by car at intersection thereof with trunk line highway, *held,* not contrary to the great weight of the evidence in action by plaintiff, a minor passenger in car driven on trunk line highway.

---

Contributory negligence of minor plaintiffs, see 2 Restatement, Torts, § 464. Rule of the restatement does not impute negligence of the driver to his guest (2 Restatement, Torts, § 490), not being in accord with the law of Michigan.

As to necessity of adequate causal relation between defendant's negligence and plaintiff's injury, see 2 Restatement, Torts, §§ 430, 431.

Function of court and jury on issue of causation, see 2 Restatement, Torts, § 434.

4. SAME—TRUNK LINE HIGHWAYS—STOPPING—JURY—AMBIGUOUS
INSTRUCTIONS.

In action by minor passenger of car, driven on trunk line high-
way at speed of about 60 miles an hour, for injuries sus-
tained in collision with car driven by defendant's decedent
across such highway at intersection with a stop road, wherein
after jury had started its deliberations a juror propounded a
question relative to reduction of speed to 10 miles an hour,
which question with its answer by court was so ambiguous as
to confuse the jury to plaintiff's prejudice in view of the
statutory provisions relating to stopping and speed then in
effect, reversal was necessitated (1 Comp. Laws 1929, § 4713,
subd. [e]).

5. EVIDENCE—RECORDS MADE IN THE REGULAR COURSE OF BUSINESS.

Records of any act, transaction, occurrence or event made in the
regular course of business if it was the regular course of
business to make such memorandum at the time of the oc-
currence or within a reasonable time thereafter may be ad-
mitted in evidence (3 Comp. Laws 1929, § 14207, as amended
by Act No. 15, Pub. Acts 1935).

6. SAME—HOSPITAL RECORDS MADE IN THE REGULAR COURSE OF
BUSINESS.

Hospital records referring to acts, transactions, occurrences or
events incident to the hospital treatment may be admitted in
action for damages for injuries sustained by a patient, but
parts of such records which do not refer to the treatment
which are hearsay would not be admissible (3 Comp. Laws
1929, § 14207, as amended by Act No. 15, Pub. Acts 1935).

7. AUTOMOBILES—DAMAGES—PREVIOUS MENTAL CONDITION OF PLAIN-
TIFF—EVIDENCE.

In action by minor passenger by his father as next friend against
administrator of estate of driver of other car involved in ac-
cident at an intersection, it was error to admit into evidence
for the purpose of minimizing damages records showing that
plaintiff's father had sought to have plaintiff admitted to an
institution as an alleged feeble-minded person some two years
before the accident, in view of fact that father, as next
friend, was merely a nominal party to this action, it does
not appear that an order was entered upon such application,
and the fact that such an application was filed was not proof
of feeble-mindedness, such exhibit being immaterial and ir-
relevant.

8. SAME—VIEW BY JURY OF SCENE OF ACCIDENT.

In action for damages arising from a collision at the intersection
of a trunk line highway with a stop road, trial court's in-

struction to jury in permitting them to visit the scene of the accident that they should "view it with reference to what testimony you have heard and anything different which you may see that is not represented by the testimony" was not in accord with established rule that the purpose of the view is not to furnish new evidence but rather to enable the jurors to understand the testimony they have heard in the courtroom.

9. APPEAL AND ERROR—DAMAGES—EVIDENCE—HEIRS OF DEFENDANT'S DECEDENT DRIVER.

In action for damages arising out of a collision between car in which plaintiff, a minor, was riding and car driven by one killed in the accident, it was not proper to allow the administrator of latter's estate to testify as to who were the heirs of the decedent as such evidence had no possible bearing on the issues of the case and, though immaterial, might have affected the jury.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 7, 1942. (Docket No. 9, Calendar No. 41,746.) Decided May 18, 1942.

Case by Thomas Valenti, an infant, by his next friend, Louis Valenti, against Carl J. Mayer, administrator of the estate of Fred Bareis, for personal injuries sustained in a collision between automobiles. Verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Rosenburg, Painter, Kelly & Cristy* and *Norman E. Leslie,* for plaintiff.

*Burke & Burke* and *John P. Keusch,* for defendant.

NORTH, J. This suit arises out of an automobile accident which occurred about 5 p.m., July 30, 1939, on US–12, a State trunk line highway, at the intersection of the Musbach road, approximately four miles west of Chelsea, Michigan. Plaintiff, then 17 years of age, was a passenger in a car driven by his brother on US–12 in a westerly direction. Defendant's decedent, Fred Bareis, was driving south on

Musbach road, an inferior road having a stop sign Plaintiff's brother's car struck the Bareis car at the intersection. Plaintiff was severely injured and, being a minor, brought suit by his next friend to recover damages against Bareis' estate. The jury absolved Bareis of any blame and rendered a verdict in favor of the defendant. Plaintiff charges the verdict was contrary to the great weight of the evidence and asserts some 54 grounds of error and reasons in support of this appeal.

Primarily plaintiff's right to recover requires proof that there was negligence on the part of Bareis which was the sole or at least a contributing proximate cause of the accident. The question of contributory negligence on the part of plaintiff is not involved on this appeal; and contributory negligence of the driver of plaintiff's car cannot be imputed to plaintiff who was a minor. The jury found Bareis was not guilty of negligence which caused or contributed as a cause of the collision accident.

The plaintiff argues that this finding of no liability is contrary to the great weight of the evidence, that the record shows Bareis failed to stop as required by law and that instead he drove into the path of plaintiff's car. Defendant's contention, as recited in the court's charge to the jury, is that the speed of the plaintiff's brother's car together with its driver's failure to see the Bareis car in the intersection was the sole cause of the accident. Plaintiff's driver's testimony that he saw Bareis fail to stop was impeached by a witness for defendant who testified plaintiff's driver told him the next day after the accident that he did not see the Bareis car until he hit it. Further, two of plaintiff's witnesses, Mr. and Mrs. Skelly, did not state that they saw Bareis fail to stop. Mrs. Skelly testified the first thing she noticed was that the cars had come together. Though she stated the Bareis car pulled into the path of

plaintiff's car, she did not know how far plaintiff's car was from the intersection when this happened. Mr. Skelly testified decedent's car pulled out of the side road into the path of plaintiff's car on the main road, but that five to seven seconds elapsed from the time decedent pulled out before the crash occurred. That would put plaintiff's car from 440 to 616 feet back of the intersection since plaintiff's car was traveling about 60 miles an hour according to the record. Under these circumstances, we must hold that the controversy as to whose negligence caused this collision presented an issue for the jury and, under this record, we cannot say the verdict was contrary to the great weight of the evidence.

An alleged error arises from a supplemental instruction to the jury after the jury had started deliberations. One of the jurors, Mrs. Towler, propounded the following question to the court:

"Did you state that on this road, US–12, or any through highway, if he sees a car coming should you reduce your speed limit to 10 miles an hour?"

The trial court replied: "I think that's what I did state; words to that effect. I think that is what I did state, in substance." The trial court then told another juror that this was a State law.

This question and its answer were so ambiguous as to confuse the jury to plaintiff's prejudice and necessitate reversal. Which driver Mrs. Towler had in mind by referring to "he" does not appear. There was no statute which required a driver to reduce his speed to 10 miles "if he sees a car coming," though at the time of the accident there was a statute, which the trial judge cited in his charge, requiring drivers on highways upon approaching the intersection of a State trunk line where there was no stop sign to slow down to 10 miles an hour even though no vehicles were approaching on the trunk line.

1 Comp. Laws 1929, § 4713, subd. (e), as amended by Act No. 120, Pub. Acts 1939. As applied to either of the drivers involved in the accident the instruction was not correct. Plaintiff's car was traveling on the trunk line and was not required to slow down to 10 miles per hour; and so to charge was prejudicial to plaintiff. On the other hand, the Bareis car was on a highway where there was a stop sign, and the driver was required to stop. If the statement of the court was intended to apply to this driver, it was erroneous and prejudicial to plaintiff.

Many of the errors cited by plaintiff have to do with the element of damages. Appellee argues this court should not consider these charges since the damages were not considered by the jury inasmuch as it found a lack of liability on the part of defendant. *Wojtaszek* v. *Department of Street Railways, City of Detroit,* 282 Mich. 302. However, appellant contends that the testimony bearing on damages which the court admitted prejudiced the jury against appellant on the question of liability of defendant. Since we are reversing this case on the error having to do with defendant's liability, we do not have to consider appellant's contention just above noted. But in order to aid the court below on the retrial, we shall take up several matters which we feel are important.

In an effort to show that plaintiff had been feeble-minded before the accident and that the injuries suffered were not the cause of his present mentally defective condition, defendant persuaded the trial court that the entire file of plaintiff's hospital treatments and examinations after the crash should be admitted. This was defendant's Exhibit M. Defendant seeks to justify this testimony as being proper under the provisions of 3 Comp. Laws 1929, § 14207, as amended by Act No. 15, Pub. Acts 1935

(Comp. Laws Supp. 1940, § 14207, Stat. Ann. § 27.902). This act provides for the admission of records of any act, transaction, occurrence or event if the record was made in the regular course of the business and if it was the regular course of such business to make such memorandum at the time of the occurrence or a reasonable time thereafter. *Gile* v. *Hudnutt*, 279 Mich. 358, holds hospital records come within the purview of this act. However, the *Gile Case* and *Sadjak* v. *Parker-Wolverine Co.*, 281 Mich. 84, 87, both hold that the act has its limitations and that the only admissible record is that which refers to acts, transactions, occurrences or events incident to the hospital treatment. Parts which do not are hearsay and not admissible. Therefore, in admitting the hospital record, the trial court should have admitted only those parts having to do with matters within the limitations of the statute. It was error to admit parts of the hospital record which contained only information given by various people as to history of the plaintiff prior to the accident. Particularly was that portion of Exhibit M not admissible wherein it stated: "No damages were collected—the two occupants of the other car were killed and had no insurance or estate." These recitals were not within the limitations of the statute.

Defendant offered in evidence an application by which it was sought to have plaintiff admitted to Wayne County Training School as an alleged feebleminded person. This application was signed by plaintiff's father October 21, 1937, almost two years prior to the accident. This was defendant's Exhibit L and was a portion of a probate record of Wayne County. Its admission in evidence was error. Plaintiff's father was at most only a nominal party in this suit, being plaintiff's next friend. Nor does it appear any order was ever entered on this appli-

cation by the Wayne county probate court. The fact such an application was filed in itself was not proof of feeble-mindedness. Thus, the exhibit was immaterial and irrelevant.

Two other matters, though possibly not constituting reversible error, will be noted. The lower court permitted the jury to visit the scene of the accident, advising them as follows:

"View it with reference to what testimony you have heard and anything different which you may see that is not represented by the testimony."

Our established rule is that the purpose of the view is not to furnish new evidence, but rather to enable the jurors to understand the testimony they have heard in the courtroom. *People* v. *Winney*, 196 Mich. 347. The trial court also allowed the administrator of Fred Bareis' estate to testify as to who were the heirs of Bareis. This evidence had no possible bearing on the issues of the case and, though immaterial, might have affected the jury.

We think it is not necessary to go into plaintiff's other claims of error. There is little likelihood of recurrence. The verdict and judgment must be set aside and the plaintiff granted a new trial. Costs to appellant.

CHANDLER, C. J., and BOYLES, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.