BOND *v.* GREENWOOD

1. EVIDENCE—HOSPITAL RECORDS—ADMISSIBILITY—ACTS—DIAGNOSIS.
   Hospital records are admissible as business entries to the extent they record acts and events such as admissions or discharges, but hospital records are ordinarily not admissible as a means of introducing medical history or diagnosis.

2. EVIDENCE—GENERAL DESCRIPTION OF PHYSICAL CONDITION—ADMISSIBILITY—BUSINESS RECORD.
   A general description of a physical condition in medical records, as distinguished from a diagnosis, is admissible under the business records statute (MCLA § 600.2146).

3. EVIDENCE—GENERAL DESCRIPTION OF PHYSICAL CONDITION—ADMISSIBILITY—BUSINESS RECORD.
   A doctor's record, made by a doctor examining the defendant for employment, noting that the defendant "is in good physical condition. Old history of back surgery should not limit him as a draftsman" is admissible into evidence as a business record containing a general description of a physical condition; the notation was not a diagnosis (MCLA § 600.2146).

4. EVIDENCE—BUSINESS RECORDS—DOCTOR'S RECORD—NECESSITY OF DOCTOR'S TESTIMONY.
   A doctor who examined the defendant in an automobile negligence case several months after the accident when defendant was applying for employment and who saw the defendant only during that examination need not be called to testify, even though a record of the examination has been admitted into evidence because it is unlikely that the doctor would have an independent recollection of the business record entries, the doctor would have to refresh his memory by reference to the admitted record, and the doctor's testimony would accomplish little more than the admission of the record, with proper safeguards.

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 40 Am Jur 2d, Hospitals and Asylums §§ 42, 43.

Appeal from Bay, Leon R. Dardas, J. Submitted Division 3 December 9, 1970, at Lansing. (Docket No. 7034.) Decided May 24, 1971.

Complaint by Charles N. Bond against Charles G. Greenwood for negligence in operating an automobile. Judgment for defendant. Plaintiff appeals. Affirmed.

*William J. Ginster,* for plaintiff.

*Smith & Brooker, P. C.* (by *Mona C. Doyle*), for defendant.

Before: McGregor, P. J., and T. M. Burns and Andrews,* JJ.

Per Curiam. Plaintiff, while crossing a street in Bay City, was struck by a car driven by defendant. His suit for damages resulted in a jury verdict of no cause for action. The sole ground for appeal is the admission into evidence, over objection, of plaintiff's application for employment some five months after the accident. The exhibit consisted of one sheet of paper. On one side the plaintiff had answered certain questions as to his state of health. On the reverse side a doctor employed by the prospective employer had answered certain other questions and under the heading, "Note any suggested work limitations:", wrote: "Is in good physical condition. Old history of back surgery should not limit him as a draftsman." This exhibit was admitted as a business record made in the regular course of business and was used by defendant to impeach plaintiff's credibility as to his alleged injuries. Plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

claims that admission of such evidence denied him the opportunity to cross-examine the physician.

Properly authenticated business records made in the regular course of business are admissible into evidence as proof of the occurrence of the act or transaction recorded by that document. MCLA § 600.2146 (Stat Ann 1962 Rev § 27A.2146). Under this statute it has been held that hospital records are admissible as business entries to the extent they record events and acts, such as admissions, discharges, and ministrations in the hospital, although they are not ordinarily admissible as a means of introducing medical history or diagnosis. See *Gile* v. *Hudnutt* (1937), 279 Mich 358; *Sadjak* v. *Parker-Wolverine Company* (1937), 281 Mich 84; *Valenti* v. *Mayer* (1942), 301 Mich 551; *In re Nickel's Estate* (1948), 321 Mich 519; *Case* v. *Vearrindy* (1954), 339 Mich 579; *Bauer* v. *Veith* (1964), 374 Mich 1; and *Osberry* v. *Watters* (1967), 7 Mich App 258. However, a general description of a physical condition, as distinguished from a diagnosis, is admissible under the business records statute. See *Osberry* v. *Watters, supra.*

The doctor's report in question concerning plaintiff's physical fitness for work is nothing more than a general descripton of a physical condition. Accordingly, it was admissible.

Plaintiff's claim that the examining doctor should have been called as a witness is without merit. We agree with the Missouri Supreme Court, *Rossomanno* v. *Laclede Cab Company* (Mo, 1959), 328 SW2d 677, 681, 682, which held that it is inconceivable that a busy medical practitioner would have an independent recollection of each entry made in his business records regarding a person he saw only once, and be able to testify from personal recollection about his examination of that person. If called to

testify, the physician would almost certainly have to frequently refresh his memory by reference to the very record plaintiff seeks to suppress. Accordingly, forcing the examining doctor to testify would accomplish little that cannot be accomplished by admission, with proper safeguards, of the disputed evidence.

Affirmed.