KUHNEE v MILLER

1. AUTOMOBILES—NEGLIGENCE—EVIDENCE—TRAFFIC     CONVICTIONS—ADMISSIBILITY.

Evidence of the prior traffic convictions of a plaintiff driver in an automobile negligence case is not admissible to impeach his credibility with regard to the exercise of due care because

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 944.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 984.
[3] 40 Am Jur 2d, Hospitals and Asylums § 43.
[4] 53 Am Jur, Trial § 120.

plaintiff has not placed at issue the question of due care, and there is no issue of credibility which his driving record can impeach, where the plaintiff testifies that because of amnesia, he cannot recall any of the circumstances surrounding the accident at issue.

2. AUTOMOBILES — NEGLIGENCE — EVIDENCE — SPEED — OPINION — ADMISSIBILITY.

Opinion testimony of a nonexpert witness concerning the speed of an automobile involved in an automobile accident is properly admissible; the weight to be given that testimony remains within the province of the jury.

3. EVIDENCE—HOSPITAL RECORD—CONSULTATION REPORT—ADMISSIBILITY.

A diagnostic consultation report that the plaintiff had amnesia which was contained in the plaintiff's hospital record was properly admitted into evidence even though the doctor who made the report was not present at trial where the diagnosis made in the report was supported by the testimony of another doctor and by other evidence in hospital records which had been admitted.

4. EVIDENCE—REBUTTAL TESTIMONY—ADMISSIBILITY—DISCRETION.

The admission of rebuttal testimony is within the discretion of the trial court.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 October 2, 1971, at Lansing. (Docket No. 10602.)   Decided January 19, 1972.

Complaint by Charles Kuhnee against James Miller and Daniel Miller for damages sustained from an automobile collision. Judgment for plaintiff. Defendants appeal. Affirmed.

*Warner, Norcross & Judd* (by *Wallson G. Knack*), for plaintiff.

*Newman & Mackay,* for defendants.

Before: McGREGOR, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

McGREGOR, P. J.     This is an open-intersection automobile negligence case.   On November 21, 1967, at about 12:50 in the afternoon, an automobile collision occurred at the intersection of Sunset and Northlawn in East Lansing, Michigan.   The plaintiff and his passenger were travelling east on Northlawn in a 1966 Volkswagen; defendant Daniel Miller, driving a 1968 Oldsmobile Cutlass owned by his father, defendant James P. Miller, was travelling north on Sunset, accompanied by a friend.   The intersection of Northlawn and Sunset is not controlled by any traffic sign or signal; the speed limit for both streets was 25 miles per hour.   At trial, neither plaintiff nor his passenger were able to recall any of the events of the accident.   At the conclusion of the trial the jury returned a verdict in favor of plaintiff in the amount of $17,500 plus $1,190 to plaintiff's insurance company as subrogee.   Defendants moved for a new trial; the trial court, finding the jury's verdict excessive, ordered that plaintiff file a remittitur of $5,000 or else the motion for a new trial would be granted.   The remittitur was filed and defendants' motion for a new trial was denied.   Defendants appeal as of right, raising numerous allegations of error.

Defendants first contend that the trial court erred in granting plaintiff's motion for an order preventing cross-examination of plaintiff regarding his prior traffic convictions.   It appears that the admission of evidence of prior traffic convictions is proper when limited solely to testing credibility. See GCR 1963, 607; *Taylor* v *Walter,* 385 Mich 599

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

(1971), adopting on rehearing Justice BLACK's opinion for reversal, *Taylor v Walter,* 384 Mich 114, 117–120 (1970); *Sting v Davis,* 384 Mich 608 (1971).

In *Sting v Davis, supra,* 613–614, the Supreme Court stated:

"GCR 1963, 607 was adopted by this Court in accordance with its rulemaking powers as to evidentiary matters. The central issue in practically every contested motor vehicle accident case is whether defendant-driver was guilty of negligence and, if the plaintiff was the driver of the other motor vehicle, whether he was free from contributory negligence. As to the defendant, the question which confronts the jury is whether to believe the claim of the plaintiff that the defendant was negligent or the claim of the defendant that he was not negligent and, as to a plaintiff-driver, the issue is just the reverse. Almost invariably, as in this case, the defendant asserts, 'I did not drive in a negligent fashion.' If the plaintiff was also a motor vehicle driver, as in this case, he makes the same assertion as to his driving upon finding himself accused of being the responsible party because of negligent driving. On the issue of whom to believe, the driving record of a plaintiff or of a defendant can become a crucial evidentiary factor. *That driving history,* both before and after the accident, whether it be for serious or minor infractions of the vehicle code, *can have a vital bearing in enabling a jury to determine the truth of a plaintiff's or a defendant's testimony as to the exercise of due care.*

"We conclude that under GCR 1963, 607, as presently adopted by this Court, a trial judge has no discretion to exclude cross-examination with regard to the driving history of a plaintiff-driver or of a defendant-driver, *such cross-examination being proper to test the credibility of the witness' testimony with regard to the central fact issue in the case.*" (Emphasis added.)

In the instant case, plaintiff's credibility regarding his exercise of due care was not at issue because, when plaintiff took the stand, he testified that he could not remember any of the circumstances of the accident, due to amnesia which resulted from the accident. Consequently, defendant had no right to impeach plaintiff's credibility with regard to his exercise of due care as a result of plaintiff's lack of testimony as to the circumstances surrounding the accident. *Sting* v *Davis, supra,* 613–614. Similarly, plaintiff's driving record is not relevant with respect to the impeachment of plaintiff's testimony that he had amnesia. Furthermore, plaintiff's driving record is not admissible, independently, to establish whether or not plaintiff exercised due care.

Where plaintiff has not testified as to his exercise of due care, but has specifically denied remembering any of the circumstances of the accident in question, his past driving record may not be used to impeach his credibility for the simple reason that plaintiff has not made his exercise of due care an issue by his testimony and, therefore, there is no issue of credibility which his driving record could impeach.

In the instant case, the trial court was of the opinion that the introduction by defendant of plaintiff's driving record would serve no purpose other than irreparably to prejudice plaintiff's case. There is no issue of credibility which plaintiff's driving record could impeach and this Court finds that the trial court's ruling was not erroneous.

Defendants next contend that the trial court erred in allowing, over objection, plaintiff's witness Marley Hart to express his opinion of the speed of defendant's vehicle just prior to the collision. In *Hicks* v *Bacon,* 26 Mich App 487, 493–495 (1970), this Court stated:

"One need not qualify as an expert in order to testify as to matters one learns through ordinary observation such as the rate of speed at which a vehicle is going, provided a witness is. fully interrogated as to the knowledge upon which his judgment is based, so that a jury can determine what weight should be given to his statements. *Stehouwer* v. *Lewis* (1929), 249 Mich 76, 81. The competency of testimony as to speed of automobiles is not necessarily determined by specific distances or times but by causal connection with the accident. *Bryant* v. *Brown* (1937), 278 Mich 686.

"Several cases from our Supreme Court have dealt with observations of witnesses as to the speed of moving vehicles in relation to proximity of the vehicles to the accident when first observed. In *Hinderer* v. *Ann Arbor Railroad Co.* (1927), 237 Mich 232, a witness who first noticed a train two feet from an accident was incompetent to testify as to the velocity of the train. *Wright* v. *Crane* (1905), 142 Mich 508, held that a witness did not have an adequate opportunity to observe the speed of an automobile when it was first seen at night and without headlights 20 feet from the point of impact. In *Harnau* v. *Haight* (1915), 189 Mich 600, a witness who qualified as an expert was permitted to testify after observing an automobile for only 20 feet from the accident. In *Jakubiec* v. *Hasty* (1953), 337 Mich 205, a witness (who was a streetcar motorman and who probably should have qualified as an expert) was held incompetent to testify when it was clear he had seen the automobile for only 15 feet before the accident. Witnesses who were in positions to view automobiles 40 feet or more before the points of impact have consistently been held competent to estimate the speed of the vehicles. See *Jones* v. *Detroit Taxicab & Transfer Co.* (1922), 218 Mich 673 (40 feet); *Zylstra* v. *Graham* (1928), 244 Mich 319 (50 feet); *Stehouwer* v. *Lewis, supra* (200 feet); *O'Brien* v. *Wahl* (1953), 335 Mich 601 (107

paces). Any attempt to reconcile these cases is futile. Probably the better rule is that of the *Stehouwer* and *Bryant* decisions : *i.e.,* that speed testimony should be admitted where the jury is made aware of the witness' opportunity to observe so that the admission of such testimony is not made contingent upon specific times or distances and the weight to be given this testimony is for the jury to decide.

"While estimates of speed based *solely* on opinions of the force of impact are not admissible, *Jackson* v. *Trogan* (1961), 364 Mich 148, *Hinderer* v. *Ann Arbor Railroad Co., supra,* the witness in the instant case gave her estimate of speed based upon her observation of the Bacon car *and* the resulting force of the collision. The weight of her testimony was for the jury."

The record shows that the jury was made aware of the witness's opportunity to observe the accident between plaintiff and defendant, and the sole question here is what weight the jury was to give to this testimony. This is within the exclusive province of the jury and consequently the trial judge did not err in allowing the witness to testify as to his opinion as to the speed of defendant's vehicle.

Defendants next allege that the trial court erred in admitting into evidence, as a part of plaintiff's hospital record, the consultation report of Dr. Jakubiak. In *Shinabarger* v *Phillips,* 370 Mich 135, 141–142 (1963), the Supreme Court said:

"Appellant contends it was error to admit hospital records, made and kept in the regular course of business, concerning plaintiff's treatment and the diagnosis which showed that he had suffered a concussion. CL 1948, § 617.53 (Stat Ann 1962 Rev § 27-.902), in effect when this case was tried made the records admissible in evidence. See *Harrison* v. *Lorenz* [1942], 303 Mich 382; *Valenti* v. *Mayer*

[1942], 301 Mich 551; *Harvey* v. *Silber* [1942], 300 Mich 510; and *Gile* v. *Hudnutt* [1937] 279 Mich 358, The fact that one of the records contained a diagnosis by a physician not called as a witness does not render the record inadmissible. *It was supported in its content by the testimony of another doctor.* No prejudice to appellant occurred in this respect." (Emphasis added.)

In the instant case there was medical testimony by one of the plaintiff's witnesses, Dr. Trager, which supported the objected-to diagnostic evidence. Dr. Trager stated that "he [plaintiff] could not remember what happened." There is also other evidence in the admitted hospital records which indicates plaintiff's inability to remember things. It, therefore, appears that, in full compliance with the holding of *Shinabarger, supra,* the objected-to diagnostic report of Dr. Jakubiak was otherwise substantiated on the record and, as such, was properly admitted into evidence. There was no reversible error by the trial court.

Defendants further contend that the trial court erred in denying defendants' motion to strike the testimony of plaintiff's rebuttal witness, Lucille Dunabeck. The admission of rebuttal testimony is purely within the discretion of the trial court. See *Gilchrist* v *Mystic Workers of the World,* 196 Mich 247 (1917), and *Blickley* v *Luce's Estate,* 148 Mich 233 (1907). The trial court did not abuse its discretion in allowing plaintiff's rebuttal testimony.

The defendants also allege that the trial court erred in its instructions to the jury. Reading the trial court's instructions as a whole, which we must do, we find the instructions were not erroneous.

Finally, defendants contend that the trial court erred in refusing to direct a verdict in defendants' favor and in denying defendants' motion for a new

trial. In the instant case there were many disputed factual questions and, consequently, the case was properly submitted to the jury. Furthermore, there does not appear to be any abuse of discretion on the part of the trial court either in refusing defendants' motion for directed verdict or in denying defendants' motion for new trial. As there was no abuse of discretion on the part of the trial court, the trial court is affirmed. *People* v *Mattison,* 26 Mich App 453 (1970).

Affirmed.

All concurred.