BOUDRIE v SEVEN-UP BOTTLING COMPANY OF DETROIT

1. Evidence—Hospital Records—Admissibility—Diagnosis.

Portions of hospital records admissible under the business entry statute which contain medical history or diagnosis are ordinarily not admissible (MCLA 600.2146).

2. Evidence—Medical Statements—Admissibility—Prejudice.

Admitting into evidence under the business entry statute a hospital record and a letter written by the plaintiff's doctor which revealed that the plaintiff was being treated for anemia and bursitis was not reversible error where the admission did not prejudice the plaintiff in that she testified on cross-examination that prior to the accident she had anemia and that at one time she had bursitis.

Appeal from Wayne, James Montante, J. Submitted Division 1 March 14, 1972, at Detroit. (Docket No. 10901.) Decided May 25, 1972.

Complaint by Vera H. Boudrie and Daniel Boudrie against Seven-Up Bottling Company of Detroit and James H. Knittle for damages as a result of an automobile accident. Action against defendant Knittle dismissed. Verdict and judgment for defendant company. Plaintiffs appeal. Affirmed.

*Zeff & Zeff, P. C. (Edward Grebs,* of counsel), for plaintiffs.

*Garan, Lucow, Miller, Lehman, Seward & Cooper* (by *Millard Becker, Jr.),* for defendant.

References for Points in Headnotes

[1, 2] 30 Am Jur 2d, Evidence § 933 *et seq.*
  40 Am Jur 2d, Hospital § 43.

Before: R. B. BURNS, P. J., and HOLBROOK and QUINN, JJ.

R. B. BURNS, P. J. Plaintiffs instituted suit for damages as a result of an automobile accident. Defendant Knittle was dismissed as a party defendant prior to trial. The jury returned a verdict of no cause of action, and plaintiffs appeal.

Plaintiffs claim the trial judge erred by admitting two exhibits into evidence. Exhibit 6 is a medical record pertaining to the care and treatment of Mrs. Boudrie. Exhibit 7 is a letter from one of Mrs. Boudrie's physicians to her son's commanding officer. The letter and the two entries on the medical record were written by a doctor who was on vacation and unavailable as a witness during the trial.

Plaintiffs objected to the admission into evidence of the exhibits on the ground that they contained a diagnosis of a doctor who was unavailable for cross-examination.

The two items from the medical record read as follows:

"6-20-62. Nervous—Home to Bed. R.I.P. Bursitis and low blood."

"9-25-62. Letter written for hardship to release Buddy D. Horton from service."

The one objectionable sentence from exhibit 7 (the letter) reads:

"I am treating his mother, Mrs. Vera Horton for bursitis and anemia."

Defendant's claim of admissibility is based upon the statutory "business entry" exception to the hearsay rule. MCLA 600.2146; MSA 27A.2146.

Hospital records are admissible under the busi-

ness entry statute. *Case v Vearrindy,* 339 Mich 579 (1954). However, those portions of the records which contain medical history or diagnosis are ordinarily not admissible. *Bond v Greenwood,* 34 Mich App 41 (1971).

We do not deem it necessary to determine if the objected-to testimony pertained to medical history or diagnosis. Mrs. Boudrie testified on cross-examination that prior to the accident she had anemia and low blood sugar. She also testified that at one time she had bursitis. Plaintiff was therefore not prejudiced by the admission of the medical statements.

Affirmed. Costs to defendants.

All concurred.