## WADE v CITY OF BAY CITY

1. EVIDENCE—PRIMARY EVIDENCE—SECONDARY EVIDENCE—DUE DILI-
   GENCE.

   Due diligence to obtain primary evidence must be shown by
   counsel before the court will admit secondary evidence.

2. APPEAL AND ERROR—PRESERVING QUESTION—EVIDENCE—ADMISSI-
   BILITY OF EVIDENCE—OBJECTIONS.

   An assignment of error is not preserved for review without
   specific and clear objection for stated reasons that enable a
   trial judge to rule clearly and definitively, and error was
   therefore not preserved for review where defense counsel ob-
   jected to the admission of two pill bottles which were offered by
   plaintiff but, after they were properly admitted, did not renew
   his objection to plaintiff's clearly inadmissible testimony re-
   garding the reason the pills were prescribed.

3. APPEAL AND ERROR—EVIDENCE—HEARSAY—EXHIBITS—EMPLOY-
   MENT RECORDS—RECORD ON APPEAL.

   The Court of Appeals will not try to settle the question of
   whether a trial court properly held employment records of the
   plaintiff inadmissible as hearsay evidence where the records
   which were the offered exhibit are not part of the record on
   appeal; it is the burden of the challenging party to see that
   offered exhibits whether admitted or not admitted are included
   in the record upon which the Court of Appeals must make a
   decision.

Appeal from Bay, John X. Theiler, J. Submitted
Division 3 November 6, 1974, at Lansing. (Docket
No. 19528.) Decided January 9, 1975. Leave to
appeal denied, 394 Mich —.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 448 et seq.

[2] 5 Am Jur 2d, Appeal and Error § 545.

[3] 5 Am Jur 2d, Appeal and Error § 737.

Consideration, in determining facts, of inadmissible hearsay evi-
dence introduced without objection. 79 ALR2d 890.

Complaint by Jessica B. Wade against the City of Bay City and Charles E. Davis for damages resulting from an automobile collision. Judgment for plaintiff. Defendants appeal. Affirmed.

*John M. Patterson, P. C.,* and *James Scott Wood,* for plaintiff.

*Collison & Fordney, P. C.* (by *John A. Chasnis),* for defendant.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. This case concerns the question of admissibility of evidence. The physical evidence involved consists of two hospital records. One was a report on the results of the X-rays taken of plaintiff's thoracic and cervical spine. The other was an employment record of plaintiff while employed by a hospital. All of the foregoing reports were prepared after a collision between plaintiff's automobile, which she was driving, and a police car driven by a policeman employed by defendant municipality.

The trial judge excluded the two reports as not coming within the business-records statute, MCLA 600.2146; MSA 27A.2146.

The statute in relevant part provides:

"Any writing or record whether in the form of an entry in a book or otherwise, made as a memorandum of any act, transaction, occurrence or event shall be admissible in evidence in all trials, hearings and proceedings in any cause or suit in any court, or before any officer, arbitrators, or referees, in proof of said act, transaction, occurrence or event if it was made in the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

regular course of any business and it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record including lack of personal knowledge by the entrant or maker, may be shown to affect its weight but not its admissibility."

It would be an idle gesture to write to the point of whether the reports here involved were kept in the regular course of business. Incontestably they were. But this is not the precise point involved. The real question is whether they were merely proof of the "act, transaction, occurrence or event" or whether the X-ray report was, in fact, a conclusionary opinion of an expert and to that extent really a diagnostic report. The employment record involves other evidentiary problems we will speak to later herein.

We have examined the X-ray report with care. In simple substance it contains a medical opinion on plaintiff's ultimate issue of sustaining a traumatic injury. It concludes thus:

"We have no X-ray evidence of bone or joint pathology of recent traumatic origin."

If the above is not a medical conclusion, *i.e.,* "diagnosis", it is hard to imagine what would be.

The question then is, was the report admissible?

It is not an exaggeration to say that the law in our state dealing with this question contains myriad contradictions. In addition to the helpful citations in the briefs of the parties we examined nearly 20 additional cases. There is no point in equivocating by attempting to reconcile or distinguish them. We began with *Gile v Hudnutt,* 279 Mich 358; 272 NW 706 (1937), and continued to

the last published case of this Court. The span covers 37 years. Since some of the opinions are Supreme Court cases we cannot overrule them. Since some of them are by different panels of this Court, each of which is decisionally autonomous, we can do nothing about them. At best we can point out the conflicts in the hope that our Supreme Court will resolve the issue in finality.

As will later appear we confine our holding expressly to the facts in this case and make no attempt to enunciate a general principle.

We will quote some of the conflicts only to substantiate our characterization of the state of the law.

*In re Nickel's Estate,* 321 Mich 519, 523; 32 NW2d 733 (1948), holds flatly:

"The admissibility, however, of hospital records under this statute is limited in nature. In the *Gile Case, supra, Palmer v John Hancock Mutual Life Ins Co,* 150 Misc 669; 270 NY Supp 10 [1934], was discussed in order to show the inadmissibility of such records with respect to the *diagnosis* of the patient's case, but that they are admissible to show the date of the entry and discharge, and the fact that the deceased was treated.

\*   \*   \*

"The court did not err in excluding that portion of the hospital record under the hearing 'Remarks' which contained merely hearsay statements." (Emphasis supplied.)

*Shinabarger v Phillips,* 370 Mich 135, 141–142; 121 NW2d 693 (1963), just as flatly holds:

"Appellant contends it was error to admit hospital records, made and kept in the regular course of business, concerning plaintiff's treatment and the diagnosis which showed that he had suffered a concussion. CL 1948, § 617.53; MSA 27.902, in effect when this case was tried, made the records admissible in evidence. See

*Harrison v Lorenz,* 303 Mich 382 [6 NW2d 554 (1942)]; *Valenti v Mayer,* 301 Mich 551 [4 NW2d 5 (1942)]; *Harvey v Silber,* 300 Mich 510 [2 NW2d 483 (1942)]; and *Gile v Hudnutt,* 279 Mich 358 [272 NW 706 (1937)]. The fact that one of the records contained a *diagnosis* by a physician not called as a witness does not render the record inadmissible. It was supported in its content by the testimony of another doctor. No prejudice to appellant occurred in this respect." (Emphasis supplied.)

As far as this Court is concerned Judge (now Justice) LEVIN in a separate concurrence, which as to the precise point is not challenged by the majority, wrote:

"Nevertheless, the Michigan Supreme Court and our Court have on so many occasions declared or intimated that a hospital record reflecting 'history' or *'diagnosis'* is not admissible under the business-entry exception to the hearsay rule that I am persuaded that the trial judge probably did not err in refusing to admit these records into evidence." (Emphasis supplied.) *Fisher v Hatcher,* 44 Mich App 541, 548; 205 NW2d 913 (1973).

In *Abbe v Woman's Hospital Association,* 35 Mich App 429; 192 NW2d 691 (1971), the part of the hospital record involved was specifically designated "Final Anatomic Diagnoses". It was ruled admissible by another panel in an opinion written by this authoring judge:

"The exhibit was admissible under the business entry act. If its admissibility was denied by reason of alleged hearsay (and we cannot determine precisely the ground on which it was excluded), the objection is unmeritorious because its author was present and available for cross-examination." 35 Mich App at 436.

Further such conflicts are cohort if not legion.

In the case at bar defense counsel served a subpoena upon the custodian of the hospital rec-

ords of plaintiff. It was served the night before the
attorney believed he would need the custodian of
the records to identify them for their claimed
admissibility. To his professed amazement (and we
have no reason to doubt it), the original X-rays
were not a part of the records. They had been
charged out to plaintiff earlier. She gave them to
her treating physician who in turn sent them on
to a consulting doctor. The record is somewhat
unclear as to where they were at the time of trial.
According to plaintiff she returned them to her
treating physician, not to the hospital. Defense
counsel offered the report of the roentgenologist
who signed the report which was a part of the
subpoened records. The trial judge ruled it inad-
missible. He ruled it in part admissible but held
inadmissible the part of the report which con-
tained the opinion· and conclusionary matter we
earlier set forth. Then this colloquy took place in
the absence of the jury:

"*The Court:* Have you ever demanded the X-rays
from the plaintiff?

"*Mr. Fordney [Defendants' counsel]:* I didn't know she
had them until last night.

"*The Court:* Did you demand them then or today?

"*Mr. Fordney:* No, I didn't.

"*The Court:* Presuming she did have them.

"*Mr. Fordney:* Judge, I don't know where they are.

"*The Court:* Have you ever asked?

"*Mr. Fordney:* I never asked Mrs. Wade.

"*The Court:* Have you ever demanded them from her?

"*Mr. Fordney:* No, I haven't. I thought they were at
Mercy Hospital.

"*The Court:* It turns out they aren't?

"*Mr. Fordney:* They are not with Dr. Villegas, either.
Now, I think that in order to have a radiologist testify
from these x-rays, I should be able to put them on the
board.

"*Mr. Patterson [Plaintiff's attorney]:* Well, it's a little late to make the search for them. Dr. John Geissinger was in here and there have been no demands made. This is a little late to put this thing together. If he had made demands and a search had been made—I brought what X-rays I wanted and what parts of hospital records, but there is no obligation on the plaintiff's part to get what a defendant wants, especially when he doesn't make his demand or his desire known until after the plaintiff has rested."

The trial judge ruled:

"*The Court:* In fact, yes, you did offer and, as I have indicated, I do not find that a business record—I do not find it admissible as secondary evidence with the absence of the primary evidence, since there has not been a justifiable showing of due diligence to explain the absence of the original, to wit, the X-rays; the actual X-rays that were being examined by the doctor.

\* \* \*

"*The Court:* All right. Objection sustained. The exhibits that were previously offered, withdrawn, have now been reoffered and the court has sustained the objection to those exhibits. They are not admitted. Incidentally, there was a three-page document. The objection was made to page three. Do you wish to offer pages one and two?

"*Mr. Fordney:* No, your Honor. I'd want the whole document.

"*The Court:* Very good.

"*Mr. Fordney:* All right."

It can now be seen why we did not write herein to the troublesome question of the admissibility of medical records containing diagnosis or history, and confined our holding to the case at bar because of this additional element.

We think the trial judge was correct. We find no reversible error in his ruling.

We turn now to the admission, over objection, of

two pill bottles which were offered by plaintiff. Each bottle had a label. The label bore the name of the dispensing pharmacy, the name of plaintiff as the purchaser for whom the contents of the bottle was prescribed. Each label also included the name of the medication, the name of the prescribing physician and the directions for ingestion. They were prescribed at a point in time related to the claimed injury and damage.

All of the foregoing data was sufficient to make the two items of demonstrative evidence *themselves* admissible.[1]

However, the trial judge then let plaintiff testify to the reason they were prescribed and the specific purposes for which the doctor prescribed them. That field of opinion evidence is limited to duly qualified expert witnesses. Although defense counsel objected to the admission of the bottles, he did not renew his objection to plaintiff's clearly inadmissible testimony. In fairness we mention that counsel may have concluded that since the bottles were admitted, plaintiff's testimony concerning them was covered by the first ruling.

We are bound by the record. It sometimes may seem harsh but it is a necessary part of appellate review. Without a specific and clear objection for stated reasons that enables a trial judge to rule clearly and definitively an assignment of error is not preserved for review.

---

[1] McCormick on Evidence (West 1954), § 179, p 384, observes with respect to demonstrative evidence that:

"Objects or things offered in evidence do not generally identify themselves. Accordingly the demonstrative evidence must first be authenticated by testimony of a witness who testifies to facts showing that the object has some connection with the case which makes it relevant."

We note also that the trial court has considerable latitude in the admission or exclusion of real or demonstrative evidence. See 32 CJS, Evidence, § 602, pp 758, 759.

As to the employment records of plaintiff the trial court held them inadmissible as hearsay. Hearsay they were but under one line of authority they may have been admissible as an exception to the hearsay rule under the statute. Under another line of authority they may not have been. We do not propose even to try to settle the question, because the "file" so-called, which was the offered exhibit, is not part of the record on appeal. It is the burden of the challenging party to see that offered exhibits whether admitted or not admitted are included in the record upon which we must make a decision. Anything we said about them herein would be sheer guesswork. There was a further claim by defense counsel that they should be admissible for the purpose of testing credibility and for impeachment purposes. There again we are left hanging. We can't possibly tell *whose* credibility was to be tested or who was going to be impeached. How can we possibly rule? There was no objection to them on the ground of relevancy. Had there been we would have a tangible basis upon which to rule. We are not disposed to remand this case on this single claim of error because we can't perceive how their admission could possibly have affected the outcome. Should there be higher appellate review and the ruling on this question is determined to be worthy of a specific holding, we here hold if the denial of their admission was error, the error was harmless.

On the totality of the record we find no basis for reversal. The denial of the motion for a new trial was proper. The judgment entered on the jury verdict is affirmed. Costs to the appellee.

All concurred.