RENTZ v GENERAL MOTORS CORPORATION, FISHER BODY
DIVISION, FLEETWOOD PLANT

OPINION OF THE COURT

1. EVIDENCE—HEARSAY—BUSINESS ENTRY—HOSPITAL RECORDS—GEN-
ERAL DESCRIPTION—DIAGNOSIS.

A hospital record is admissible in judicial proceedings as a
business entry if the record contains a general description of a
physical condition but not if it contains a diagnosis.

2. EVIDENCE—ADMINISTRATIVE LAW—RIGID RULES—REASONABLY PRU-
DENT MEN—CONDUCT OF AFFAIRS.

Evidentiary rulings in administrative proceedings may stray from
rigid courtroom rules on evidence; in contested cases before an
administrative agency a fact finder may admit and give proba-
tive effect to evidence of a type commonly relied upon by
reasonably prudent men in the conduct of their affairs.

3. WORKMEN'S COMPENSATION—APPEAL BOARD FINDINGS—EVIDENCE—
OPINION—HEARSAY—MEDICAL DIAGNOSIS.

A Workmen's Compensation Appeal Board decision that a work-
man's illness was not job related was supported by competent,
material and substantial evidence where it was based on a
doctor's deposition opinion that the illness was not job related,
which opinion was in turn based on another doctor's written
report describing the illness but which contained no diagnosis
of the cause of the illness, and where there was further evi-
dence on the conditions in the working area given by a plant
foreman.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Hospitals and Asylums §§ 42, 43.
Admissibility of hospital record relating to intoxication or sobriety
of patient. 38 ALR2d 778.
Admissibility of hospital record relating to cause or circumstances
of accident in which patient sustained injury. 44 ALR2d 553.
[2] 29 Am Jur 2d, Evidence §§ 39, 42.
[3–5] 82 Am Jur 2d, Workmen's Compensation § 568.

DISSENT BY M. J. KELLY, J.

4. EVIDENCE—WORKMEN'S COMPENSATION—APPEAL BOARD—HEARSAY
   —PRESERVING QUESTION—MOTIONS—APPEAL AND ERROR.

   *A Workmen's Compensation Appeal Board decision was improperly grounded on evidence outside of the record and should not be upheld on appeal where: (1) a valid objection was recorded by plaintiff's counsel to the admission of testimony based on a hearsay medical report, which objection was never ruled upon; (2) plaintiff's counsel properly moved to strike portions of defendant's brief based on that hearsay report, which motion was impliedly granted; and (3) the appeal board then erroneously relied upon the disputed evidence dispite the objections in reaching its decision.*

5. APPEAL AND ERROR—WORKMEN'S COMPENSATION—EVIDENCE—PRESERVING QUESTION.

   *The Court of Appeals in reviewing a decision of the Workmen's Compensation Appeal Board may not entertain arguments on whether a radiologist's report described a physical condition or a medical diagnosis where that issue was not raised below.*

Appeal from the Workmen's Compensation Appeal Board. Submitted May 10, 1976, at Detroit. (Docket No. 25170.) Decided July 21, 1976. Leave to appeal denied, 398 Mich 804.

Claim by John Rentz against General Motors Corporation, Fisher Body Division, Fleetwood Plant, for workmen's compensation benefits. Compensation denied. Plaintiff appeals by leave granted. Affirmed.

*Samuel A. Meklir,* for plaintiff.

*A. Ronald Sirna, Jr.* and *Willard W. Wallace (Frazer Hilder,* of counsel), for defendant.

Before: R. M. MAHER, P. J., and M. J. KELLY and D. C. RILEY, JJ.

D. C. RILEY, J. Plaintiff appeals by leave from a June 27, 1975, decision and order of the Work-

men's Compensation Appeal Board, reversing the order of the hearing referee, that had awarded plaintiff $10,500 plus interest for a compensable lung disability.

Plaintiff's appellate arguments are directed solely to a substantive question of evidence. Plaintiff argues that the decision of the board is not based on competent evidence, because the decision is grounded on a doctor's deposition testimony, which in turn was partially based on a fellow doctor's written report accompanying an X-ray of plaintiff's heart. We need concern ourselves only with the substantive propriety of the board's consideration of the deposed doctor's reliance on the report. The parties do not raise, nor need we address, any procedural irregularities allegedly arising in the board's consideration of the evidence.[1]

As part of the proceedings, defendant introduced the deposition of Dr. Melvin Lester. Dr. Lester concluded that plaintiff's lung condition was attributable to a natural degeneration of plaintiff's heart, the result of his 74 years of life, rather than due to any impurities in his working atmosphere. In reaching his conclusion, Dr. Lester referred to a report accompanying an X-ray of plaintiff's heart. The report was prepared by the doctor taking the X-ray, a Dr. Wanger, a staff member of a clinic supervised by Dr. Lester. The report contained Dr. Wanger's description of plaintiff's heart as "enlarged". Dr. Lester referred to this description in stating his proposed etiology of plaintiff's ailments.

Plaintiff claims that Dr. Lester's opinion, and hence the board decision, must fall because Dr.

---

[1] The very fact that the board relied on a certain bit of evidence suggests to us that they did not intend to reject that specific bit of admissible evidence now in question. We suspect that plaintiff agrees with us, for he does not mention this issue raised by the dissent.

Lester's opinion was based on inadmissible hearsay, *i.e.,* Wanger's report. However, *Bond v Greenwood,* 34 Mich App 41, 43; 190 NW2d 731 (1971), clearly establishes that in judicial proceedings, a hospital record is admissible as a business entry under MCLA 600.2146; MSA 27A.2146 if the record contains "a general description of a physical condition, as distinguished from a diagnosis". 34 Mich App at 43. The present report, made by a member of the staff supervised by Dr. Lester, is not a diagnosis but a statement of physical condition. A diagnosis is the "discovery of the source of a patient's illness or the determination of the nature of his disease from a study of the symptoms". Black's Law Dictionary (4th ed), 540.[2] "Enlarged" says little about etiology and is more properly considered a factual adjective, albeit requiring some perceptual approximation. Most physical descriptions require some degree of perceptual flexibility.[3]

We note that in *Wade v Bay City,* 57 Mich App 581; 226 NW2d 569 (1975), this Court ruled inadmissible as a diagnosis an X-ray report that concluded " 'we have no X-ray evidence of bone or joint pathology of *recent traumatic origin' ",* 57 Mich App at 583. That report clearly suggests an etiology, a source, an analysis; the present report does not.

---

[2] *See also* Webster's New World Dictionary (2nd college ed), 388 ("diagnosis" is *"examination* of the symptoms" or *"analysis* of the facts". (Emphasis supplied.)

[3] The fact that this panel has some difficulty in drawing the physical condition/diagnosis line illustrates the attractiveness of the rule proposed in 2 Jones on Evidence, § 12:12, p 363–364 (6th ed, 1972) (admit all statements in hospital records unless "conjectural" or "of technical nature"). *See also* McCormick on Evidence, § 290, pp 612–613. We need not adopt those commentator's proposals, but we do take note of certain ruses this Court has previously employed to accomplish similar purposes. *E.g., Kuhnee v Miller,* 37 Mich App 649; 195 NW2d 299 (1972), *Boudrie v Seven-Up Bottling Co,* 40 Mich App 686; 199 NW2d 539 (1972).

A further point may be made. *Bond* and *Wade* discuss hospital report hearsay in a judicial setting. It is now established that evidentiary rulings in administrative proceedings may stray from rigid courtroom rules on evidence. *E.g., Viculin v Department of Civil Service,* 386 Mich 375, 403; 192 NW2d 449 (1971). In fact, in contested cases before an administrative agency, a fact-finder may admit and give probative effect to "evidence of a type commonly relied upon by reasonably prudent men in the conduct of their affairs". MCLA 24.275; MSA 3.560 (175). Should not then a reasonably prudent person feel safe in relying on and finding relevance in the description "enlarged heart" issued by a physician, particularly when the physician's supervisor-doctor is present to answer questions about the X-ray procedures employed by the clinic? If a doctor would rely on the X-ray report, can it be said that a reasonably prudent person would not?[4]

Finally, we note that the board accepted the credible testimony of a plant foreman, familiar with plaintiff's working area, that there was no atmospheric debris in plaintiff's area. This testimony supports, if not establishes, the defense that plaintiff experienced breathing ailments because of his age. Our examination of this record indicates that the decision of the Workmen's Compensation Appeal Board was based on competent, material and substantial evidence. *Gilbert v Reynolds Metals Co,* 59 Mich App 62; 228 NW2d 542 (1975).

Affirmed. No costs.

---

[4] We refer to the Administrative Procedures Act rules of evidence section, MCLA 24.275; MSA 3.560(175), only by analogy. We do not mean to suggest that cases before the Workmen's Compensation Appeal Board are to be conducted identically to "contested cases" under the Administrative Procedures Act. MCLA 24.203; MSA 3.560(103).

R. M. Maher, P. J., concurred.

M. J. Kelly, J. *(dissenting)*. This is a good example of a workmen's compensation imbroglio.

The defendant's doctor's deposition (Melvin A. Lester) was taken January 30, 1973. At that deposition, the plaintiff's attorney well and thoroughly preserved for review, objections on the admission of the X-ray report:

*"Mr. Meckler (Plaintiff's attorney):* Who is this x-ray report made by doctor?

*"A.* Dr. William F. Wanger.

\* \* \*

*"Mr. Meckler:* Well, then I will object to the doctor's testimony unless he had the x-rays and he was testifying himself as opposed to hearsay from the report of Dr. Wanger.

*"Q. (By Mr. Wallace) [Defendant's attorney]:* Doctor, did you use Dr. Wanger's x-ray report in writing your report and in coming to your final diagnosis with regard to Mr. Rentz?

*"A.* Yes.

*"Mr. Wallace:* Okay, your objection has been noted on the record counsel.

*"Mr. Meckler:* Then I would have to object to the doctor's testimony as it is based on hearsay according to his own testimony.

*"Mr. Wallace:* All Right. Your objection has been noted."

The first mention of enlarged heart immediately follows the above quoted excerpt.

On March 13, 1973, when the testimony before the referee and all depositions had been concluded, Dr. Lester's deposition was admitted by the referee "subject to the objections contained therein". At the same time exhibits 2, 3 and 4 which were hospital records from different hospitals were also

admitted, and these were admitted "under the
Business Entry Statute". There was never any
dialogue concerning business entry admissibility
on the deposition objections to Dr. Lester's testi-
mony. There was never any ruling, either by the
referee or by the appeal board.

After receiving the defendant's brief, the plain-
tiff, on or about March 26, 1975, filed with the
Workmen's Compensation Appeal Board, a motion
to strike certain portions of defendant's brief on
the grounds they were in violation of the business
entry rule and not properly in evidence before the
appeal board. One of the paragraphs objected to
was the paragraph containing Dr. Lester's testi-
mony about an enlarged heart. Instead of hearing
the motion, the appeal board wrote plaintiff's at-
torney a letter which I quote:

"We are in receipt of your recently filed motion in
the above captioned matter.

"Rather than acting upon same at the present time,
the matter will be referred to the panel of Board
members to whom this case is eventually assigned. If it
is found that defendant is predicating arguments on
material not in evidence, those arguments will fall
when the case comes under active review."

The panel to whom the matter was submitted
specifically prescinded from considering plaintiff's
objections with the following pronunciamento:

"Plaintiff argues in part that certain hospital records
were admitted into evidence upon defendant's motion
for the limited purposes set forth in MCLA 600.2146
and that the matters contained therein may not be used
otherwise. Our opinion will studiously avoid all of these
areas which plaintiff finds to be objectionable."

What does that mean? If one reads that far and no

farther, one would conclude that the appeal board
ruled in favor of plaintiff, at least impliedly, on all
of these allegedly objectionable matters. However,
two pages later the appeal board quotes specifi-
cally the testimony of Dr. Lester on which it then
bases its finding:

*"Q. (By Mr. Wallace):* Okay. Now, Doctor, what effect,
if any, could the enlarged heart and the arterialscler-
otic [sic] heart disease have on the diagnosis of chronic
obstructive pulmonary disease, moderate?

*"A.* When a patient has an inefficiently functioning
enlarged heart the back pressure which I alluded to
before may lead to abnormal ventilation of the lungs.
Again the lungs no longer function adequately."

The appeal board's operative finding was as
follows:

" * * * Plaintiff's lung problems are explained on the
basis of the enlarged heart problem from which he
suffered. This produced his chronic obstructive pulmo-
nary disease and not the work environment. Plaintiff's
problems, we conclude on the basis of Dr. Lester's
testimony, were the product of the natural aging proc-
ess."

My reading of the record isolates the enlarged
heart diagnosis to the X-ray report which Dr.
Lester relied on. The plaintiff's doctor did not find
an enlarged heart. Another physician whose depo-
sition was taken, who we may consider as not
belonging to either of the parties, also made no
finding of an enlarged heart during a 1969 hospi-
talization.

The majority is in error in reaching the question
of whether the radiologist's report described a
physical condition or a medical diagnosis. I do not

find it so easy to conclude that an enlarged heart is a general description of a physical condition within the *Bond v Greenwood,* 34 Mich App 41, 43; 190 NW2d 731 (1971), ruling. The referee never faced the issue of whether or not the radiologist's conclusion was a diagnosis of a medical condition and we should not either. The appeal board erroneously stated that it was avoiding the areas which plaintiff found to be objectionable. The question is not whether the evidence is competent or incompetent. The evidence is outside of the record. The appeal board's decision was improperly grounded on evidence dehors the record.

I would reverse the appeal board with respect to this finding and reinstate the decision of the referee in all respects as I find no other evidence, competent, material or otherwise, to support the appeal board's ruling except that evidence it expressly discarded.